### In re Habeas Corpus of William Alfred BERRYMAN.

### No. A-12546.

Criminal Court of Appeals of Oklahoma.

Jan. 8, 1958.

William Alfred Berryman, pro se.

Homer Thompson, Public Defender, Oklahoma County, Oklahoma City, petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

PER CURIAM.

William Alfred Berryman is confined to the State Penitentiary at McAlester, having been sentenced from the district court of Oklahoma County on conviction of the detestable and abominable crime against nature, sodomy. See Berryman v. State, Okl.Cr., 283 P.2d 558, rehearing denied May 18, 1955. Petitioner, acting as his own attorney, filed in the office of the clerk of this court an instrument designated "Petition Habeas Corpus Writ", though from the body of the instrument it appears he

actually seeks a writ of habeas corpus ad testificandum—a writ to remove a prisoner to bear testimony in court. See Ex parte Bollman (Ex parte Swartwout), 8 U.S. 75, 98, 2 L.Ed. 554, 562. But we gathered from the allegations that petitioner also wanted the Pardon and Parole Board directed to grant him leave from the penitentiary to prepare for a hearing on a petition for writ of error coram nobis that he alleged his attorney filed on October 4, 1956, in the district court of Oklahoma County in which he seeks a new trial in the above case wherein he was convicted in said court, and mentioned above. Petitioner alleged that he had discharged his attorney, and that he needed to personally prepare his case.

Under the above state of the record, no facts being alleged that would entitle petitioner to a writ of habeas corpus directing his release from the State penitentiary or to testify in any case that might be pending in the district court of Oklahoma County, the procedure outlined in Hendricks v. State, Okl.Cr., 297 P.2d 576, not having been followed, this court continued hearing of the petition to give the public defender of Oklahoma County opportunity to investigate the case, and to represent the defendant, and thereafter and on December 12, 1957, the public defender did file an instrument that we shall treat as an amended petition and brief. Attached to said instrument were affidavits from various persons to be mentioned.

We are asked to treat the petition as an application for permission to file a petition for a writ of error coram nobis in the district court of Oklahoma County, wherein petitioner was convicted, and by reason of which he is now serving a term in the penitentiary. Counsel gives a resume of the history of the case as follows:

"September 29, 1953, information was filed in the District Court of Oklahoma County, State of Oklahoma, as District Court Case No. 22102. Defendant was arraigned in District Court October 2, 1953, and bond was made and approved the same date, and

defendant was released from the county jail of Oklahoma County.

"October 15, 1953, defendant was by the District Court of Oklahoma County committed to the Eastern State Hospital, Vinita, Oklahoma, for observation, and was delivered to that institution Oct. 17, 1953 and returned by the Sheriff of Oklahoma County November 6, 1953, and released from the County Jail of Oklahoma County under the previously approved bond.

"February 17, 1954, trial was had on the question of defendant's sanity before a jury, who found the defendant sane.

"February 23, 1954, the case came on for trial, a jury was waived, and trial was had. Defendant was found guilty and sentence date set for March 11, 1954, at 1:30 P.M., and defendant was allowed to remain on the present bond.

"March 11, 1954, the defendant was sentenced to five (5) years at the State Penitentiary at McAlester, Oklahoma. An appeal bond was made and approved.

"On appeal, this Honorable Court, in the case of Berryman v. State [Okl. Cr.], 283 P.2d 558 (rendered April 13, 1955), affirmed the judgment and sentence.

"Thereafter an appeal was taken to the Supreme Court of the United States, and there dismissed for want of a substantial Federal question [350 U.S. 878, 76 S.Ct. 141, 100 L.Ed. 775].

"The mandate of this Honorable Court was filed with the District Court of Oklahoma County, State of Oklahoma, January 10, 1956, and on January 17, 1956, the defendant was transported to the State Penitentiary at McAlester, Oklahoma, to commence the serving of his five year sentence.

"October 4, 1956, by and through defendant's private counsel a petition for a writ of coram nobis was filed in the District Court of Oklahoma County.

"November 21, 1956, the petition for a writ of error coram nobis was refiled in the District Court of Oklahoma County.

"September 19, 1957, petitioner filed a writ of habeas corpus in the District Court of Oklahoma County seeking to be brought to Oklahoma County from the State Penitentiary at McAlester, Oklahoma, for a hearing on the said writ of error coram nobis.

"October 2, 1957, the Public Defender of Oklahoma County, Oklahoma, was appointed for the purpose only of preparing the order directed to the Sheriff of Oklahoma County, to transport the defendant to the County Jail of Oklahoma County, so that he might be present for a hearing on the writ of Habeas Corpus, which was set for hearing October 4, 1957.

"October 4, 1957, hearing was had on defendant's writ of habeas corpus before Hon. Wm. L. Fogg, District Judge of Oklahoma County, Oklahoma, and after hearing oral arguments, and on the State's application to dismiss the writ of habeas corpus the court dismissed said writ, holding that in view of the case of Hendricks v. State, Okl. Cr., 297 P.2d 576, and the case of Hurt v. State, Okl.Cr., 312 P.2d 169, the Court was without jurisdiction to hear defendant's writ of error coram nobis for the reason that the Judgment and Sentence of the District Court had become final, that the defendant had served a substantial part of said sentence, that the Judgment and Sentence had been affirmed by the Criminal Court of Appeals of the State of Oklahoma, and that the District Court was without jurisdiction to entertain defendant's writ and no permission of the Criminal Court of Appeals having been given for the filing of same as provided in the two above cited cases.

"The defendant then filed pro se his pleadings in this Honorable Court.

The basis for a petition for a writ of error coram nobis, if this court would grant permission for the same to be filed, would be that on a new trial petitioner could produce evidence to' prove an alibi.

One Edgar W. Baker has signed an affidavit to the effect that he was with the petitioner on Sunday morning, August 9, 1953, the date of the crime for which petitioner was convicted, from 6 A.M. until 12:30 noon, and that petitioner could not have been with the party who accused him of the act for which he was convicted.

No reason is assigned as to why petitioner did not produce said affiant as a witness at his original trial.

One Bobby Ray Clark, 20 years of age, an inmate of the reformatory at Granite now serving twelve years for armed robbery, says:

"I say Jack Lacefield and I were together from nine o'clock a. m. on Saturday, August 8th until about two thirty p. m. Sunday, August 9th, 1953 and during that time we were not separated over ten minutes at any time. Jack Lacefield was not at 521 N. W. 5th St., or near there at any time from nine o'clock a. m. Aug. 8th to two thirty p. m. August 9th and he could not have been there with Wilburn Alfred Berryman—and the said Wilburn Alfred Berryman could not have committed the crime of sodomy or any other offense with said Jack Lacefield during said period of time."

Zorie Clark has signed an affidavit verifying the statements of his son, Bobby Ray Clark.

Jack E. Lacefield, the alleged participant with Berryman in the unnatural sex act, and who testified to the act at his trial, now signs an affidavit and concludes that "The court room was full of people and I was scared. I was pretty much confused and one of them kept pointing a finger at me and shouting. I was mad and frankly, answered anything to get out of that chair."

We note from the record at the trial of Berryman v. State, supra, that Lacefield testified in detail to the act of sodomy alleged to have been committed upon him by

the defendant, and told of six additional such acts subsequent to the act charged. Also that there was another fifteen year old boy present in the front seat of defendant's car, Jackie Lynn Johnson; and Johnson testified to the acts and of a Mr. S. C. Killman catching the defendant in the act. Mr. Killman also testified positively to accidentally surprising the defendant in the act.

Defendant testified in that case and offered several witnesses trying to prove that he was not in his car behind the garage in the rear of 521 N. W. 5th Street, Oklahoma City, at around 8 A.M. on August 9, 1953, or at any time that morning. Defendant admitted that he was discharged from the United States Army on conviction of sodomy in the Army. The jury did not believe defendant and his witnesses, but believed the witnesses for the State.

If we overlook the failure of the petitioner to follow the procedure for seeking a writ of error coram nobis as outlined in and required by Hendricks v. State, supra, we are still confronted with the question of whether facts have been alleged that would entitle the petitioner to the writ. Anyone who would take the time to read the two cases cited, Hendricks v. State, supra, and Hurt v. State, supra, and the cases from this and other courts cited therein, would discover that no grounds have been set up that would entitle defendant to the writ sought.

The new evidence outlined is merely cumulative to that presented at the trial, and no legal reason is given as to why the two Clarks and Baker did not testify at the trial.

As said in People v. Smith, 120 Cal.App.2d 531, 261 P.2d 306, 307, where it was held:

"Writ of error coram nobis is not a catch-all by which those convicted may litigate and re-litigate propriety of convictions ad infinitum, but serves limited and useful purpose of correcting errors of fact which cannot be corrected in any other manner."

The Hurt case is the only case ever filed in this court where a cause for the writ was stated. However, in the hearing in the trial court, petitioner failed in the matter of proof of the material allegations.

Cause for the issuance of a writ of error coram nobis, and for a writ of habeas corpus ad testificandum not having been stated, defendant is denied the right to file a petition for such writs in the district court of Oklahoma County.