[Crim. No. 1249. Third Appellate District.—April 14, 1933.]

THE PEOPLE, Appellant, v. MARTIN SKOFF, Respondent.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General for Appellant.

H. B. Churchill for Respondent.

THE COURT.—The defendant was convicted by a jury of driving his automobile while he was under the influence of intoxicating liquor, contrary to the provisions of section 112 of the California Vehicle Act. Upon motion therefor, a new trial was granted. The state has appealed.

The defendant is a farmer residing near Cotati. At 9 o'clock on the evening of August 28, 1932, a collision oc-

curred on the highway near his home between the defendant's automobile and a machine which was being driven by the prosecuting witness, Marie Gutermute. The defendant claimed the wheels of his car had dropped into the rut which existed adjacent to the right-hand side of the concrete pavement; that in his effort to pull the machine back on to the pavement he lost control of it and the car crossed on to the wrong side of the highway, causing the collision. Miss Gutermute's machine was overturned, but she was only slightly injured. The defendant was thrown violently against the steering-wheel of his car. His chest was injured. A rib was broken. He received a cut on the elbow, which, he claims, caused a numbness and partial paralysis of that side of the body. Two teeth were loosened, and his mouth and nose were bleeding. He asserts that he was dazed and rendered partly unconscious from the effect of the shock. Miss Gutermute released herself from the overturned machine and walked over to the car of the defendant, which remained upright on the pavement. She observed the defendant's bleeding nose. She charged him with negligence. She even accused him of being drunk. He did not reply to her accusations. He sat silent beside another man who occupied the front seat with him. She said he did not seem to know anything. It is related he sat in his seat in this attitude for approximately fifteen minutes until two highway patrolmen arrived in their car. In the meantime Miss Gutermute had returned to her machine. The officers first talked with her. They then went over where the defendant sat in his machine. One of the officers asked him how the accident occurred. He said the girl ran into him. He was then requested to get out of his car, but he said that he was unable to do so. The officer helped him out, and assisted him to walk to their machine. The officer testified that the defendant seemed excited; his eyes were inflamed and an odor of liquor was upon his breath; he thought that the defendant was drunk. In the meantime the other officer searched the defendant's car for liquor, but found none. In the grass, about fifteen feet from the defendant's machine, the officers found a bottle half filled with jackass brandy. Both men denied they had any knowledge of this bottle. The defendant admitted they had drunk half a bottle of wine with their lunch in the middle of the after-

noon. The defendant denied that he had imbibed any other liquor that day. He testified he never saw or heard of the bottle of brandy until it was produced by the officer.

The defendant was taken by the officers to Santa Rosa. Within about one hour of the time of the accident, a doctor was called and, after examining the defendant as to his sobriety, testified that he was unable to walk a straight line; that the pupils of his eyes were dilated; that he did not articulate clearly and that he discerned "a marked odor of liquor" on his breath. The doctor said the defendant walked with his hand on his chest; that he complained of pain in the chest and arm, and that his mouth was bleeding. The doctor nevertheless pronounced him intoxicated. Both officers also testified that the defendant was intoxicated. A subsequent examination by another doctor disclosed the fact that the defendant was seriously injured as above related. At the trial, six reputable neighbors of the defendant testified they had known him many years and that he bore a good reputation as to sobriety. Two or three of them said they had never known of his drinking intoxicating liquor. The jury found him guilty of the offense with which he was charged, but recommended the imposition of a fine as penalty therefor.

During the trial the bottle of jackass brandy was admitted in evidence without tracing its possession to the defendant or his associate, except to prove that it was found in the grass near the roadside a short distance from their machine. Upon motion, the evidence of this bottle of liquor was stricken from the record and the jury was admonished to disregard it. As reasons for granting the new trial the court assigned "error in admitting in evidence the bottle of liquor and testimony regarding the same, and because the evidence in the absence thereof was not sufficient to warrant a conviction".

Upon rehearing our attention is called to the facts that the motion for a new trial was not made on the ground of insufficiency of the evidence to support the verdict and judgment, and that the court granted the new trial on the sole ground that the admission of evidence of the bottle of brandy constituted prejudicial error, in spite of the fact that this evidence was subsequently stricken from the record and the jury admonished to disregard it.

It does appear the defendant filed a written notice of intention to move for a new trial, which assigned as grounds for the granting thereof only misconduct of the jury and prosecuting officer, newly discovered evidence and errors committed by the court in the course of the trial.

The insufficiency of the evidence was not assigned as a ground for new trial. In his oral motion for new trial, the attorney for the defendant said: "I file the notice of intention to move for a new trial, and I make orally a motion for a new trial *based upon it.*" The actual motion for a new trial failed to designate the insufficiency of the evidence as a ground upon which the application was made. The court granted the new trial on the sole ground that "error (was committed) in admitting in evidence the bottle of liquor and testimony regarding the same, and because the evidence *in the absence thereof* was not sufficient to warrant a conviction". In other words, it does appear the court granted a new trial on the sole ground that the absence of evidence regarding the bottle of brandy left an insufficiency of proof to support the judgment. It necessarily follows that if this evidence regarding the presence of the bottle of liquor near the machine where the accident occurred was competent, then the court believed there was sufficient proof to support the judgment.

The defendant waived his right to apply for a new trial on the ground of insufficiency of the evidence by failing to designate the lack of proof as a reason therefor. The court did not grant a new trial on the ground of lack of evidence, but upon the contrary it was granted for "error in admitting in evidence the bottle of liquor and testimony regarding the same". Since the application for a new trial was not made on the ground of the insufficiency of evidence, the court lacked authority to grant it upon that ground.

A motion for new trial may be granted in a criminal case only upon the grounds specified in section 1181 of the Penal Code. (*People* v. *Amer,* 151 Cal. 303 [90 Pac. 698].)

The statute does not require the giving of a written notice of intention to move for a new trial, in a criminal case. The application for a new trial must be orally made to the court before the entry of judgment. (Sec. 1182, Pen. Code; *People* v. *Ah Sam,* 41 Cal. 645, 651.) In the case

last cited the court said: "The statute neither required nor authorized this motion to be made in writing. It must be made *viva voce.*"

The mere filing of a written notice of motion for new trial without presenting it to the court is insufficient to comply with the requirements of the statute. (*Estate of Hunter,* 99 Cal. App. 191, 196 [278 Pac. 485].) ■ The court is without authority to grant a new trial except upon the application of the defendant. Section 1181 of the Penal Code reads in part: "When a verdict has been rendered against the defendant, the court may, *upon his application,* grant a new trial, in the following cases only: . . . "

In the case of *People* v. *Bangeneaur,* 40 Cal. 613, the court said: "The statute only authorizes the court to grant a new trial upon application of the defendant."

In some states a trial court may grant a new trial upon its own initiative, but this is because a difference exists in the statutes with relation thereto. ■ A reasonable construction of section 1181, *supra,* would imply that a defendant waives his right to a new trial upon all grounds included within the provisions of that section unless he specifies the grounds upon which he relies in his application therefor. It follows that since the defendant failed to move for a new trial on the ground of insufficiency of the evidence, the order granting the motion may not be supported on that ground.

■ Evidence of the presence of the bottle of jackass brandy was improperly excluded from the jury under the circumstances of this case. A collision had just occurred. The defendant's intoxication was charged as the cause of the accident. There was substantial evidence that the odor of alcohol was upon his breath. The car was standing on the highway in a sparsely settled country district. The bottle was found in the grass within a few feet of the automobile where it was likely to have been thrown by the occupants of the machine. There appears no other reasonable way to account for the presence of the bottle at that particular time and place. In the case of *State* v. *Gondeiro,* 82 Mont. 530 [268 Pac. 507], under similar circumstances, the finding of a bottle of liquor in close proximity to the machine of an accused person was held to be competent evidence upon a charge of manslaughter. The court said:

"It is urged strenuously that the court erred in admitting testimony respecting the bottle found in proximity to the car. We are wholly unable to agree with this argument. Clearly the testimony was relevant."

In spite of the exclusion of this evidence in the present case, the jury found the defendant guilty as charged. There appears to be sufficient evidence of the intoxication of the defendant, whether the testimony regarding the discovery of the bottle of brandy remains in or out of the case.

For the reason that the court was without authority to grant a new trial on the ground of insufficiency of the evidence, and because we are of the opinion the evidence respecting the presence of the bottle of brandy is competent and should not have been stricken from the record, it becomes necessary to reverse the order granting the new trial. It is so ordered. The trial court is directed to vacate the order granting the new trial, and to proceed to pronounce judgment against the defendant.