[Crim. No. 4335.   Second Dist., Div. Three.   June 14, 1949.]

THE PEOPLE, Respondent, v. HERMAN LEE WATKINS,
Appellant.

Herman Lee Watkins, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Frank Richards,
Deputy Attorney General, for Respondent.

WOOD, J.—Appeal from order denying petition for writ
of error *coram nobis*. Appellant was convicted of murder of
the first degree, and the jury fixed the punishment at life
imprisonment. Judgment on the verdict was rendered on
May 29, 1946, and no appeal was taken therefrom.

On June 13, 1947, appellant made a motion for a "Writ
of Review and Request for a new trial," and on that day the
court denied the motion.

On October 18, 1948, appellant filed a petition in the supe-
rior court for a writ of error *coram nobis* wherein he asked
that the judgment be set aside and a new trial be granted. He
alleged in his petition that his counsel, who was appointed

by the court, refused his request to introduce testimony which would show that appellant shot the deceased in protection of his life and home; and that his counsel neglected to have the court give an instruction as to self-defense and justifiable homicide. He also alleged therein that he could have shown that the deceased was shot in appellant's home; that the deceased, against appellant's requests, was repeatedly calling at appellant's home in his absence and seeking to alienate his wife's affections; and that the deceased had repeatedly stated he would do bodily harm to appellant if appellant interfered with his announced purpose of separating appellant and his wife. He also alleged therein that the failure to introduce such testimony and to have the court give an instruction as to self-defense and justifiable homicide deprived appellant of a fair trial, his constitutional rights and due process of law. The petition was heard and denied on December 20, 1948.

Since appellant asserts that his counsel refused to offer evidence as to self-defense, which was requested by appellant, it appears that the alleged facts, which he now wants the court to consider on a retrial, were known to him when the case was tried. A writ of *coram nobis* should not issue when the facts relied upon for issuance of the writ were known to the petitioner at the time of trial. An applicant for a writ of *coram nobis* "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief." (*People* v. *Shorts,* 32 Cal.2d 502, 513 [197 P.2d 330].) A showing of due diligence in seeking the writ "is prerequisite to the availability of relief by motion for *coram nobis.*" (*People* v. *Shorts, supra,* p. 512.) In the present case appellant did not file this petition for such relief until approximately 2½ years after judgment, and there is no satisfactory explanation of such delay.

Appellant's contention that he was not properly represented by his counsel, in the matter of offering evidence as to self-defense, cannot be considered in a *coram nobis* proceeding. (See *People* v. *Krout,* 90 Cal.App.2d 205, 209 [202 P.2d 635].) Such a contention could have been considered on a motion for a new trial. "Where defendant's contentions could have been presented on (1) a motion for a new trial, or (2) appeal from the judgment, and he has failed to avail himself of either remedy, a writ of error *coram nobis*

will not be entertained to review the alleged errors.'' (*People* v. *Young,* 88 Cal.App.2d 601, 602 [199 P.2d 21]; see also *People* v. *Goold,* 90 Cal.App.2d 640 [203 P.2d 118].) Appellant's failure to make a motion for a new trial until more than a year after judgment is, in effect, the same as not making the motion at all.

Furthermore, as to the matter of self-defense, it appears from the answer to the petition that appellant testified that he acted in self-defense in shooting the deceased, that he shot because he felt he was in imminent peril due to the fact that the deceased reached toward his pocket, and appellant thought the deceased had a gun or knife in his pocket. Appellant's wife, called as a witness by his counsel, testified that she had observed a knife in the hand of deceased shortly before the shooting but did not see it at the time of the shooting, and that she observed the deceased raise a stick toward appellant and then they started fighting. The judge gave eight instructions regarding self-defense. It appears therefore that self-defense was an issue at the trial.

Appellant also contends, as stated in his briefs, that the district attorney was guilty of misconduct in that: he stated in his remarks to the jury that elements of self-defense had not been shown by the defense; he told the jury that if appellant had not been arrested as soon as he was arrested the court would be trying him for two murders instead of one; he told the jury that the knife of deceased was so small that the district attorney did not bring it into court; he handed the pistol to the jury; he exhibited to the jury a photograph of the body of the deceased. These contentions as to such alleged misconduct of the district attorney could have been presented on appeal from the judgment. He did not appeal therefrom. Such matters regarding alleged misconduct of the district attorney were not included in the petition and therefore were not before the trial court, but even if they had been included in the petition they could not be considered in this proceeding for such a writ, since those matters could have been considered on appeal from the judgment.

The ruling of the court denying the petition for the writ was correct.

Order affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 14, 1949.