[Crim. No. 4436.   Second Dist., Div. Three.   Feb. 24, 1950.]

THE PEOPLE, Respondent, v. CHARLES V. KROUT, Appellant.

Charles V. Krout, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

WOOD, J.—On October 2, 1947, defendant was adjudged guilty of forgery in three counts. He did not make a motion for a new trial (unless this proceeding be regarded as such a motion). He did not appeal from the judgment, sentencing him to the penitentiary, which was pronounced on October 22, 1947.

After he had been in the penitentiary about 8 months, he filed a petition for a writ of error *coram nobis.* He appealed from the order of the trial court denying that petition. The order was affirmed on February 16, 1949. (*People* v. *Krout,* 90 Cal.App.2d 205 [202 P.2d 635].)

On August 12, 1949, he filed a "Petition for a New Trial." This is an appeal from the order denying that petition.

■■ Appellant asserts (1) that a conspiracy existed between his counsel (a deputy public defender) and a deputy district attorney, and that they "tricked" him into waiving his right to a jury trial; (2) that they told him that if he would agree to a court trial his counsel would ask for, and the deputy district attorney would agree to, a dismissal; (3) that he did not have a fair trial because they presented the case upon the transcript of the preliminary examination without his knowledge or consent; (4) that his counsel did not subpoena available witnesses and did not obtain available records; and (5) there was no evidence of intent to defraud.

If the petition now before the court be regarded as a motion for a new trial, it was filed too late and cannot be considered. It was filed about one and three-fourths years after judgment. A motion for a new trial must be made before judgment is pronounced. (Pen. Code, § 1182; *People* v. *Fry,* 137 Cal.App. 525, 529 [31 P.2d 204].)

If the petition be regarded as a petition for a writ of error *coram nobis,* it appears that all the alleged points above mentioned, upon which the petition is based, except the one that appellant did not have a fair trial because the case was presented upon the preliminary transcript, were included in the said former proceeding for a writ of error *coram nobis.* Appellant is not entitled to have said matters, which were decided therein, reconsidered in this proceeding.

Appellant's contention that he did not have a fair trial because the case was presented upon the preliminary tran-

script could have been considered on a proper and timely motion for a new trial and on an appeal from the judgment of conviction. As above stated, appellant did not make such a motion for a new trial and he did not appeal from such judgment. Where a defendant's contention could have been presented on a motion for a new trial or on an appeal from a judgment, and he has failed to avail himself of either remedy, a writ of error *coram nobis* will not be entertained to review the alleged error. (*People* v. *Watkins*, 92 Cal.App.2d 375, 376 [206 P.2d 1118].) Therefore, even if this present proceeding be regarded as a *coram nobis* proceeding, the contention of appellant that error was committed in presenting the case on the preliminary transcript cannot be considered herein.

The order denying the "Petition for a New Trial" is affirmed.

Shinn, P. J., and Vallée, J., concurred.