[Crim. No. 934. Fourth Dist. Jan. 15, 1953.]

THE PEOPLE, Respondent, v. FRED CHARLES MARINGER, Appellant.

Fred Charles Maringer, in pro· per., for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was convicted of murder and, on April 9, 1949, was sentenced to life imprisonment. He was represented at the trial by the public defender, and no appeal was taken. On February 8, 1950, he filed an application for a writ of error *coram nobis*. After a hearing, at which he was represented by the public defender, his petition was denied. On appeal, that order was affirmed. (*People v. Maringer*, 101 Cal.App.2d 586 [225 P.2d 656].) The general factual background is set forth in that decision.

On July 28, 1952, the defendant filed consolidated motions to vacate the judgment and to grant him a new trial, and also filed a "motion for removal from prison order." The motions to vacate the judgment and for a new trial were based on the grounds that he had discovered new evidence showing. that a doctor, who had testified for the prosecution, had knowingly testified falsely; that he is informed and believes that the district attorney knew that this testimony was false; that a portion of this testimony was based on hearsay; and that the public defender did not properly protect his rights.

The court denied the motion for removal from prison, and the district attorney filed an affidavit in opposition to the motions to set aside the judgment and to grant a new trial. The defendant then filed a motion to strike this affidavit from the record. After a hearing, the defendant being represented by a new public defender, the court denied the motions to set aside the judgment, for a new trial, and to strike the affidavit.

The defendant has appealed from these orders, contending that the court erred in denying his motion for removal from prison so that he could present his new evidence; that the "falsified" affidavit filed by the district attorney prejudiced "the trial judge's mental attitude"; that the court erred in denying the motion to strike this affidavit; that the public defender did not properly present the motions to set aside the judgment and to grant a new trial; that the court erred in denying the motions to set aside the judgment and grant a new trial; and that the court's action in denying these motions without giving the defendant a full and complete opportunity to produce his witnesses and new evidence deprived him of due process of law under the state and federal Constitutions.

Most of these contentions are based upon matters which could have been raised on appeal, and which were passed upon in the *coram nobis* proceeding. They may not be raised on a motion to vacate the judgment. (*People* v. *Ward*, 96 Cal.App.2d 629 [216 P.2d 114].) The defendant argues that on the prior appeal this court indicated that he was entitled to move the trial court to vacate the judgment and grant a new trial. It is insisted that the present proceeding is not one in *coram nobis*, but is a motion to vacate the judgment and grant a new trial brought specifically under the provision of section 1181 of the Penal Code. Section 1182 of that code provides that the application for a new trial, referred to in section 1181, must be made before judgment. Nothing in our former opinion in any way suggests that such a remedy is now available to the defendant.

The defendant's claim of newly discovered evidence consists of an attack upon portions of the testimony of the doctor who testified for the People at the trial. The only new evidence referred to is the claim that defendant has found statements made by some medical writers which disagree with some of the incidental opinions expressed by this doctor. Aside from other considerations there is nothing to indicate that this doctor testified falsely, knowingly or otherwise. The supposed new evidence, if received, would not throw any doubt on the essential part of this doctor's evidence, his opinion as to the cause of the victim's death, and the presence or absence of such evidence could not have affected the verdict.

[3] The contention that the district attorney filed a false affidavit in opposition to these motions is entirely without

merit. In a summary of the general facts, contained in this affidavit, it was stated that "An unsuccessful attempt to enter the cabin was made by Mrs. Knight's sister." The defendant contends that this statement was false, and sets forth five pages of testimony as demonstrating this fact. No falsehood appears, and the statement in the affidavit is merely a brief and fair summary of the meaning and effect of the five pages of testimony thus quoted.

The defendant's attack on the manner in which the public defender handled the hearing on these motions in the trial court is unwarranted. No abuse of discretion appears in the refusal of the trial court to order the defendant brought to the hearing. The matters set forth in the application were entirely insufficient to show what facts the defendant wanted to present, and there was no showing as to what witnesses were desired or as to what they would testify if called. Such facts as are referred to, if they had been established, would not have been sufficient to justify any relief. None of the matters relied on in this proceeding, had they been presented at the trial or been raised on a timely motion for a new trial or on an appeal, could have affected the result.

The orders appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.