[Crim. No. 5027.   Second Dist., Div. One.   Oct. 1, 1953.]

THE PEOPLE, Respondent, v. ROBERT C. SMITH, Appellant.

William Herbert Hall for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

WHITE, P. J.—On November 25, 1952, an information was filed by the District Attorney of Los Angeles County wherein defendant was charged in count I with the crime of grand theft; count II accused him of a violation of section 503 of the Vehicle Code, and in count III defendant was charged with a violation of section 496 of the Penal Code, in that he unlawfully bought and received a certain 1948 Buick automobile knowing that the same had been stolen. It was further alleged in the information that defendant had suffered two prior felony convictions, for each of which he had served a term of imprisonment in the state prison.

On November 28, 1952, defendant, with his counsel present, was arraigned, waived the reading of the information and pleaded not guilty to each of the charges therein contained. Trial was set for January 9, 1953. On January 6, 1953, defendant, accompanied by his counsel, appeared in court and upon his motion the cause was advanced to that date from January 9th. Thereupon, with leave of court, defendant withdrew his plea of not guilty previously entered to count III and entered his plea of "Guilty as charged in Count 3

of the information." At that time, defendant also admitted the two prior convictions alleged in the information. Defendant requested, and was granted, leave to file an application for probation. On January 29, 1953, probation was denied and judgment and sentence rendered as to count III of the information. Counts I and II of the information were dismissed.

On February 16th, defendant, represented by new counsel, filed notice that he would move to set aside the judgment, sentence and plea of guilty. On February 25, 1953, motion to set aside the judgment, sentence and plea of guilty was heard and denied.

Defendant now prosecutes this appeal from the order of the trial court denying his motion to set aside and vacate the judgment.

In support of his motion to set aside his plea of guilty, and the judgment and sentence, defendant presented two affidavits, one by himself and the other by his father.

In his own affidavit, defendant averred that he had never seen a copy of the information filed against him; that he understood and believed that in count III of the information he was charged with receiving stolen property in violation of section 496 of the Penal Code; "that the only property recovered by the police officers from the possession of AFFIANT were two automobile fender skirts taken by the police officers from the garage of AFFIANT's parents; that said fender skirts were purchased by AFFIANT at least twelve calendar months prior to the date of his arrest on the herein charge from a man at Venice Boulevard and Union Avenue; that AFFIANT paid said man the sum of $12.00 therefor and that at the time of said purchase AFFIANT believed and understood that said individual was the legal owner thereof;".

Defendant further averred that on January 2, 1953, he consulted with his then attorney and was advised by the latter to plead guilty to count III of said information involving the crime of receiving stolen property. Defendant understood and believed that the stolen property involved were two fender skirts, because this was the only property found in his possession when he was apprehended by the police. Under the belief that count III charged him with receiving two automobile fender skirts, defendant agreed with his counsel, and did enter a plea of guilty to said count. Defendant stated in his affidavit that he did not know when he entered his plea of guilty that in fact he was pleading

guilty to knowingly receiving a stolen 1948 automobile, with which in counts I and II of said information he was charged with having stolen and driven. Defendant averred that, had he known the actual property involved in his plea, he would not have entered his plea of guilty. The first occasion upon which defendant was aware of the nature and extent of the property involved in his plea was when he was interviewed by the probation officer on January 13, 1953. He was advised by him he had pleaded guilty to receiving a stolen automobile. Upon such advice defendant replied he was not guilty of these charges. Shortly thereafter in consultation with his then attorney, defendant advised him of his conversation with the probation officer. The attorney advised him that it was "too late" to do anything about his guilty plea at that time. Immediately after defendant was sentenced on the 29th of January he sought the services of new counsel.

There was also filed an affidavit subscribed to by defendant's father in which it was set forth that the former resided with affiant and his wife in Los Angeles for some two years prior to the date of defendant's arrest. Defendant's father further averred that approximately three days after the arrest of the former, the police removed from the premises of affiant's home two auto fender skirts which had belonged previously to affiant's son; that to affiant's personal knowledge these fender skirts had been in his garage since October, 1951.

In California a motion to vacate judgment and set aside a plea of guilty is the same as a petition for a writ of error *coram nobis* (*People* v. *Adamson,* 33 Cal.2d 286 [201 P.2d 537]; *People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657]; *People* v. *Cook,* 97 Cal.App.2d 284, 285 [217 P.2d 498]).

"The writ of error *coram nobis* is not intended to authorize any court to revise and review its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court. 1 Freeman on Judgments, Sec. 94; 23 Cyc. 884."

It is established law that the mere advice or assurances by a private attorney will not vitiate a plea entered in reliance thereon, unless such representations of the attorney amount to an unqualified factual representation (which is untrue) "that the state or a responsible officer thereof, such as a judge of competent authority or a district attorney, has entered into a bargain purporting to commit the state

to give the defendant a reward, in the form of immunity or a lesser punishment than he might otherwise receive, in exchange for a plea of guilty, where such representation is apparently substantially corroborated by acts or statements of a responsible state officer, is in good faith relied upon by the defendant, and actually operates to preclude the exercise of free will and judgment on the part of the defendant. . . .

". . . Mere advice and persuasion or the expression of matters of opinion by his own attorney will not suffice to vitiate the plea. Neither will unwarranted or even wilfully false statements of factual matters by his attorney suffice. The private attorney is selected by the party and is his agent." (*People* v. *Gilbert, supra,* p. 443.)

In the instant proceeding appellant's main and basic contention is that "he believed he was charged with receiving stolen property in Count III of said information. . . . and pled guilty to Count III on the advice of his attorney. . . ." Here there is no claim that any state officer directly or indirectly participated in the alleged misrepresentation made to appellant. It must therefore be held that the plea of guilty was valid and that no facts existed which did vitiate the plea, and which, without any fault or negligence of the accuser, were not presented to the court.

Striking similar to the instant proceeding is the case of *People* v. *Martinez,* 88 Cal.App.2d 767 [199 P.2d 375], wherein the accused, after entering a plea of not guilty to the crime of murder, changed his plea to guilty. The trial court found the crime to be murder of the first degree. Subsequently, defendant claimed that he was persuaded by his counsel to change his plea to guilty upon the representation that he was pleading guilty to murder of the second degree. The appellate court held that the "alleged representations or bad advice of his counsel, is not sufficient to vitiate the plea entered in reliance thereon."

Further, an unbroken line of decisions in California holds that the writ of error *coram nobis* may not be used to correct errors which occur in the trial court and which could have been reached by motion for a new trial or an appeal from the judgment (*People* v. *Mooney,* 178 Cal. 525 [174 P. 325]; *People* v. *Dunlop,* 102 Cal.App.2d 314 [227 P.2d 281]; *People* v. *Krout,* 96 Cal.App.2d 215, 217 [214 P.2d 596]; *People* v. *Goold,* 90 Cal.App.2d 640, 641 [203 P.2d 118]; *People* v. *Ward,* 96 Cal.App.2d 629 [216 P.2d 114]; *People*

v. *Watkins,* 92 Cal.App.2d 375 [206 P.2d 1118]; *People* v. *Young,* 88 Cal.App.2d 601 [199 P.2d 21].)

The statutory remedies of a motion for a new trial and the right to appeal very materially abridge the office and functions of the writ of error *coram nobis* as it was known to the common law.

The claimed error in the case at bar could have been reached by motion for a new trial or by appeal. Section 1237 of the Penal Code permits an appeal to be taken from final judgment of conviction. Following entry of the plea of guilty in the instant case, judgment was rendered and sentence pronounced upon appellant. Although he could have made a motion for a new trial or taken an appeal to correct the asserted error, appellant failed to do either.

Appellant's final claim that he was not apprised of the nature of the offenses charged against him is unavailing. The record reflects that in open court, at the time of his arraignment, represented by an attorney of his own selection, appellant waived the reading of the information. Manifestly, it was at all times within the power of appellant to acquaint himself with the contents of the information after a copy thereof was delivered to his counsel at the time appellant was arraigned.

As was said by the court in *People* v. *Martinez, supra,* page 774, ''The writ of error *coram nobis* is not a catch-all by which those convicted may litigate and relitigate the propriety of their convictions *ad infinitum.* In the vast majority of cases a trial followed by a motion for a new trial and an appeal affords adequate protection to those of accused of crime. The writ of error *coram nobis* serves a limited and useful purpose. It will be used to correct errors of fact which could not be corrected in any other manner. But it is well-settled law in this and in other states that where other and adequate remedies exist the writ is not available.''

The order appealed from is affirmed.

Doran, J., and Scott (Robert H.), J. pro tem., concurred.