[Crim. No. 1639.   Fourth Dist.   May 18, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. GENE GLENN
GRAKE, Defendant and Appellant.

David K. Kroll, under appointment by the District Court of Appeal, and Fredman, Karpinski, Silverberg & Shenas for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—After a jury trial defendant was convicted of one count of burglary and seven counts of forgery. He was alleged to have incurred two prior felony convictions, one of which he admitted, and the other was found to have been incurred by him. The trial court specified in its judgment that the sentences on the eight counts would run consecutively with respect to each other and also with respect to any prior uncompleted sentences which he might be serving.

His first contention arises out of events which occurred at the time of sentencing. Defendant's attorney was asked at that time if he had anything further and he said, "The only thing he is interested in is: Have a motion on the record for a new trial." The court then began discussing the probation report and said that probation would be denied, and asked the defendant's attorney if he was ready for sen-

tencing. The attorney replied, "Yes, your Honor" and the court asked the defendant if he was ready to be sentenced and the defendant said that he was. The clerk arraigned defendant for judgment and his attorney was asked whether there was any legal cause why judgment should not be pronounced and defendant's attorney replied, "No legal cause." The trial court then imposed the sentence described above. After the court's remarks were concluded, defendant's attorney said "If it please the Court, may I move the Court for a new trial in this matter?" The court said, "Yes." The deputy district attorney, who had heretofore been silent, inquired about the wording of the court's pronounced sentence. The court explained the wording. The court then referred again to the motion for new trial which had been made by the defendant's attorney. The deputy district attorney then said:"I would assume, your Honor, we would have to set it [the motion] down for a time for hearing." The date of August 14 was agreed upon by all the parties present at the time for the hearing of the motion.

An examination of the clerk's transcript indicates that the sentence pronounced by the trial court was entered in the minutes on August 6, the date of the sentencing. The hearing of the motion for a new trial was held on August 13. After determining that all the parties were present, the court said: "I think it [the motion] was lately made, but we will hear you." The defendant's attorney then observed that his motion was made too late under the provisions of Penal Code, section 1182. The court agreed with this observation and the deputy district attorney also stated that this was the case. There is some discussion of other matters and then the court said, "The motion for new trial is denied."

Defendant now contends that a proper motion for new trial was made before sentence was imposed and that the trial court did not rule on the motion. He therefore contends that Penal Code, section 1202, applies, and that defendant automatically became entitled to a new trial when the court failed to rule on the motion before sentencing. The Attorney General argues that no motion for new trial was made before judgment. He admits that there was some confusion or error during the sentencing procedure, but he says that defendant suffered no prejudice and therefore the case should be affirmed under article VI, section 4½, of the Constitution.

It is apparent that the statement of the attorney before sentence was imposed was not a motion for a new trial. It

was merely an expression of an intention to make such a motion in the future. ██ A motion for a new trial in a criminal proceeding must be made orally and the grounds relied upon must be specified. Otherwise, the right to make the motion is waived. See *People* v. *Dillard,* 168 Cal.App.2d 158, 167 [335 P.2d 702]; *People* v. *Skoff,* 131 Cal.App. 235 [21 P.2d 118]. ██ The Penal Code does not authorize the court to hear and grant a motion for a new trial after judgment in a criminal proceeding. (Pen. Code, §§ 1182 and 1202; *People* v. *Fry,* 137 Cal.App. 525, 529 [31 P.2d 204].)

██ The motion for a new trial is an important right of a defendant in any case involving a conflict in the evidence. ██ In ruling on the motion, the trial court has the duty to determine whether, in his opinion, there is sufficient credible evidence to support the verdict. ██ At this time the trial court has a broad discretion and is not bound by the jury's decision as to conflicts in the evidence or inferences to be drawn therefrom. This gives the trial court a greater power to rule upon the evidence than is afforded appellate courts. (*People* v. *Robarge,* 41 Cal.2d 628, 633 [262 P.2d 14].)

██ The facts of this case appear to be identical with those of the case of *People* v. *Jaramillo,* 208 Cal.App.2d 620 [25 Cal.Rptr. 403]. In that case, at page 627, the court said: "In this case it appears that, at the time sentence was pronounced, appellant expressed his desire to make a motion for a new trial and the judge expressed willingness to give him a week's time within which to prepare. The fact that judgment had been pronounced orally was not a bar because the judgment would not be effective until entered by the clerk. Thus when appellant spoke up promptly, as he did, the trial court could have vacated the judgment prior to its entry. (*People* v. *McAllister,* 15 Cal.2d 519 [102 P.2d 1072].) The trial court's failure to take that step was apparently an inadvertence, for the colloquy between appellant and the court on August 29 indicates a mutual intention that the motion would be prepared, made, and ruled upon a week hence.

"When appellant came back into court on September 7 with his motion prepared, it was too late because the judgment had been entered. The court was then obliged to inform appellant that 'I have no authority.' It appears that appellant has been deprived of a substantial right because of the inadvertent failure of the trial court to vacate the judgment prior to entry, so as to keep alive his power to rule upon the motion which he apparently intended to hear upon its merits. Justice requires that the judgment be vacated with directions

to hear and determine the motion for a new trial. (See *People* v. *Robarge*, 41 Cal.2d 628, 635 [262 P.2d 14].)''

Defendant contends that he is entitled to a new trial under Penal Code, section 1202, which now reads: ''If the court shall refuse to hear a defendant's motion for a new trial or when made shall neglect to determine such motion before pronouncing judgment or the making of an order granting probation, then the defendant shall be entitled to a new trial.'' This contention is without merit. In commenting upon the procedure followed in the case of *People* v. *Jaramillo*, *supra*, 208 Cal.App.2d 620, at page 628 the court said: ''Under the authorities cited above, the right to make the motion was waived when counsel stated that no legal cause existed, and the court thereupon pronounced sentence. The court committed no error in this respect. It was afterwards—when the trial court expressed willingness to relieve appellant of this waiver, but failed to take the procedural step which was indispensable to make such relief effective—that an error occurred which entitles appellant to relief in this court.''

The Attorney General has urged in his brief that the trial court heard and decided the motion for a new trial after sentence had been pronounced and entered on the clerk's minutes. On reading the transcript of the supposed hearing of the motion on August 13, it is evident that this is not the case. The parties all agreed that the court did not at that time have jurisdiction to grant a motion for a new trial because the sentence had already been entered. Their understanding of the law was correct and therefore the statement of the court that the motion for a new trial would be denied must be considered to be a statement that the motion was denied because the court could not grant it.

The judgment is vacated and the action is remanded to the superior court with directions to hear and determine appellant's motion for a new trial, and, if such motion be denied, to pronounce such judgment as is proper.

Coughlin, J., and Finley, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 15, 1964.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.