[Crim. No. 5403.   First Dist., Div. One.   Aug. 29, 1966.]

THE PEOPLE, Plaintiff and Appellant, v. HAROLD FREDERICK HALES, Defendant and Respondent.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Jay S. Linderman, Deputy Attorney General, for Plaintiff and Respondent.

Robert Y. Bell for Defendant and Respondent.

SIMS, J.—The People have appealed from orders of the trial court which (1) purported to vacate and set aside a prior judgment which sentenced the defendant to prison following his conviction by jury verdict of burglary in the second degree in violation of section 459 of the Penal Code and (2) thereupon granted his motion for new trial.

The People contend that the trial court had no power or authority to vacate the judgment, and that defendant's motion for a new trial was not timely made and should not have been granted by the trial court. ▮ The trial court does have power and authority to vacate its judgment in criminal matters on proper showing. (See *People* v. *Wadkins* (1965) 63 Cal.2d 110, 113 [45 Cal.Rptr. 173, 403 P.2d 429]; *People* v. *Shipman* (1965) 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993].) The record, however, fails to reflect that the motion to vacate was made prior to entry of judgment or prior to execution of sentence, nor does it assert grounds for relief as an application for a writ of *coram nobis* after final judgment. The trial court, therefore, had no authority to set aside its judgment. Since the motion for new trial was not made or determined before judgment there was no authority to grant it.

On February 3, 1965, an information was filed charging the defendant with burglary and two prior felony convictions. The following day the defendant appeared for arraignment and upon his requesting counsel the public defender was appointed to represent him. He thereupon entered his plea of not guilty to the principal offense and admitted the prior convictions. Following trial on March 1, 2, and 3, 1965, the jury returned a verdict of guilty of burglary in the second degree, and the matter was continued for hearing of a probation officer's report and for pronouncement of judgment.

On March 25, 1965, the defendant was arraigned for judgment and by his counsel advised the court that there was no legal reason to show why judgment should not then be pronounced. The court denied probation and sentenced the defendant to state prison for the term prescribed by law. This judgment was entered in the minutes of the court.

On the same day the defendant filed a notice of appeal. According to recitals in the People's opposition to defendant's motion, on April 5, 1965, the court stayed execution of the judgment until further order of court.[1]

On May 11, 1965 defendant through new counsel filed his "Motion to Permit Filing of Motion for New Trial (Motion to Vacate *Judgment*)" accompanied by points and authorities, the defendant's declaration of merits, and a declaration of his attorney. At the same time he filed a "Notice of Motion for New Trial" predicated upon five of the grounds set forth in section 1181 of the Penal Code. Of these the only ground subsequently pressed was insufficiency of the evidence, and the court ultimately purported to grant the motion on the grounds that the verdict was contrary to law and contrary to the evidence.

The motions came on for hearing on May 21, 1965. At that time the court expressed the feeling that an injustice would be done in not granting a new trial, but questioned its jurisdiction to proceed in the matter because of the pending appeal. It continued the matter for further hearing.

At that hearing, on May 24, 1965, the People filed written opposition and questioned the court's jurisdiction to consider

---

[1]The record fails to reflect any minute order, any written order, or any certificate (see Pen. Code, §§ 1243-1245) in relation to the alleged stay of execution. It does reflect that the defendant was personally present in court on May 21, 1965 when his motions were first presented; that on May 24, 1965 the court did order a stay of execution and that the defendant be held in the county jail pending determination of the motions.

the matter, not only on the grounds that the appeal divested it of a jurisdiction, but also because it had no power to modify its judgment after it was entered in the minutes. The defendant, after conferring with counsel, filed an abandonment of his appeal. (See Cal. Rules of Court, rule 38; Witkin, Cal. Criminal Procedure (1963) § 719, p. 697.)

The court thereupon entertained defendant's motion to permit the filing of a motion for a new trial which was also referred to as ''a motion to vacate judgment'' and ''a writ of error *coram nobis.*'' The motion was made on the grounds that defendant's failure to file a motion for new trial was due to mistake, inadvertence, surprise, and excusable neglect on the part of the defendant. The declarations originally filed in support of the motion merely averred that the defendant was advised by counsel and believed that he had a good defense on the merits, and that he had desired to take every procedural means within his power to obtain an adjudication of his innocence.

At the hearing he testified that at all times he wished that every procedural step be taken on his behalf in order to protect his liberty and to assert his innocence; that at the time of sentence he did not understand the procedural conditions or legal requirements under which a motion for new trial could be filed; that he would have asked for a new trial instead of appeal had he known the foregoing; that he did not intentionally intend to waive his right to a new trial; that he first ascertained that he had not filed a motion for new trial in the time normally allotted when he communicated with his new attorney after judgment; that if he had known the procedural requirements for a motion for new trial he would have asked for a new trial instead of an appeal; and that he did not ''intentionally intend'' to waive his right for a new trial.

On June 4, 1965 the court made its order setting aside the judgment. It then rearraigned the defendant for judgment and entertained and granted the motion for new trial on the grounds set forth above. This appeal ensued. (See Pen. Code, § 1238, subds. 3 and 5.)

The importance of review on a motion for new trial cannot be minimized. ''While it is the exclusive province of the jury to find the facts, it is the duty of the trial court to see that this function is intelligently and justly performed, and in the exercise of its supervisory power over the verdict, the court, on motion for a new trial, should consider the probative force of the evidence and satisfy itself that the evidence as a whole is sufficient to sustain the verdict. [Citations.] It has been stated

that a defendant is entitled to two decisions on the evidence, one by the jury and the other by the court on motion for a new trial. [Citations.]'' *(People* v. *Robarge* (1953) 41 Cal.2d 628, 633 [262 P.2d 14] ; and see *People* v. *Grake* (1964) 227 Cal.App.2d 289, 292 [38 Cal.Rptr. 666] ; and *People* v. *Jaramillo* (1962) 208 Cal.App.2d 620, 626-627 [25 Cal.Rptr. 403].)

It is axiomatic, however, that a motion for new trial cannot be entertained or granted after judgment is entered. Penal Code section 1182 provides in part: ''The application for a new trial must be made and determined before judgment or the making of an order granting probation, whichever first occurs, . . .'' (See *People* v. *Martin* (1963) 60 Cal.2d 615, 618 [35 Cal.Rptr. 769, 387 P.2d 585] ; *People* v. *Risenhoover* (1966) 240 Cal.App.2d 233, 234-235 [49 Cal.Rptr. 526] ; *People* v. *Grake, supra,* 227 Cal.App.2d 289, 292; *People* v. *Jaramillo, supra,* 208 Cal.App.2d 620, 626; *People* v. *Smith* (1961) 196 Cal.App.2d 854, 857 [17 Cal.Rptr. 330] ; *People* v. *Maringer* (1953) 115 Cal.App.2d 390, 392 [251 P.2d 999] ; *People* v. *Krout* (1950) 96 Cal.App.2d 215, 216 [214 P.2d 596] ; and *People* v. *Fry* (1934) 137 Cal.App. 525, 529 [31 P.2d 204] ; and cf. *People* v. *Risenhoover, supra,* 240 Cal. App.2d at pp. 235-236 and *People* v. *Hensel* (1965) 233 Cal. App.2d 834, 837-838 [43 Cal.Rptr. 865].)

If the judgment is vacated or set aside, the motion for new trial may then be entertained. (See *People* v. *Martin, supra,* 60 Cal.2d 615, 618; *People* v. *Grake, supra,* 227 Cal. App.2d 289, 292; and *People* v. *Jaramillo, supra,* 208 Cal.App. 2d 620, 627.) The trial court has inherent power to modify or set aside its pronounced judgment if it has not been entered into the minutes of the court and if execution of its terms has not commenced. *(People* v. *Thomas* (1959) 52 Cal.2d 521, 529-530 [342 P.2d 889] ; *People* v. *McAllister* (1940) 15 Cal.2d 519, 525 [102 P.2d 1072] ; *People* v. *Hensel, supra,* 233 Cal.App.2d 834, 837-838.) Consequently where the court after pronouncing, but before entry of judgment, is advised of the defendant's desire to present a motion for new trial, and expresses a willingness to entertain it, a subsequent refusal to hear the motion because it was tardy will be reversed bceause of the trial court's inadvertence in failing to set aside the judgment so it could properly entertain the motion. *(People* v. *Grake, supra,* 227 Cal.App.2d 289, 292-293; *People* v. *Jaramillo, supra,* 208 Cal.App.2d 620, 627; and see *People* v. *Martin, supra,* 60 Cal.2d 615, 618.)

In the instant case the judgment was entered in the minutes on March 25, 1965. It was not until May 11th, some 47 days after the judgment, that the defendant sought relief. In fact by virtue of defendant's notice of appeal which was filed March 25th jurisdiction over the case passed to the appellate court and was not restored to the trial court until the appeal was abandoned on May 24th. See *People* v. *Hall* (1952) 115 Cal.App.2d 144, 155 [251 P.2d 979].) The foregoing authorities do not authorize the action taken by the trial court in this case. The propriety of its action must depend on its power and authority to vacate the judgment.

*People* v. *Nevarez* (1962) 211 Cal.App.2d 347 [27 Cal.Rptr. 287] and *People* v. *Hall, supra,* 115 Cal.App.2d 144 suggest that where, as here, execution of sentence has been stayed, the trial court has power to modify the judgment to grant the defendant probation. They do not furnish a warrant for setting aside the conviction itself or for otherwise changing the judgment. (See *People* v. *Rittger* (1961) 55 Cal.2d 849, 853, 854 [13 Cal.Rptr. 406, 362 P.2d 38].)

The general principles applicable to proceedings to secure a writ of *coram nobis* furnish no solace to defendant. ▮ The writ will not lie to review the sufficiency of the evidence as a substitute for a motion for a new trial or an appeal. (*People* v. *Tuthill* (1948) 32 Cal.2d 819, 821-822 [198 P.2d 505]; *People* v. *Maringer, supra,* 115 Cal.App.2d 390, 392; *People* v. *Krout, supra,* 96 Cal.App.2d 215, 217; *People* v. *Hanks* (1939) 35 Cal.App.2d 290, 300 [95 P.2d 478].) ▮ Although grounds may have existed to grant a new trial they were waived when the defendant through his counsel indicated there was no legal cause why judgment should not be pronounced. (See *People* v. *Grake, supra,* 227 Cal.App.2d 289, 293; *People* v. *Jaramillo, supra,* 208 Cal.App.2d 620, 628; and *People* v. *Dillard* (1959) 168 Cal.App.2d 158, 167-168 [335 P.2d 702].) ▮ The defendant cannot then under the guise of *coram nobis,* or a tardy motion for new trial seek to assert the grounds which should have been asserted before. (*People* v. *Maringer, supra,* 115 Cal.App.2d 390, 392; *People* v. *Krout, supra,* 96 Cal.App.2d 215, 216; *People* v. *Hanks, supra,* 35 Cal.App.2d 290, 300.)

Defendant asserts that relief should be granted because of his ignorance of his legal right to make a motion for new trial at the time of pronouncement of judgment. He states that by analogy to the provisions of section 473 of the Code of Civil Procedure, the judgment should be vacated because of his mistake, inadvertence, surprise and excusable neglect. ▮ This

section is not applicable to criminal proceedings (*Gonzales* v. *Superior Court* (1935) 3 Cal.2d 260, 262-263 [44 P.2d 320]). Moreover, the beneficent provision of that section may not be used to extend the time within which a motion for new trial may be interposed in a civil suit. (*Kisling* v. *Otani* (1962) 201 Cal.App.2d 62, 67-72 [19 Cal.Rptr. 913].)

Consideration has also been given to the theory that the court was warranted in setting aside and vacating the judgment because defendant was misled or inadequately represented by counsel in that his attorney failed to make a motion for new trial, or in that he failed to advise defendant of the existence of that procedural weapon. ▮ In order to justify setting aside the judgment defendant would have to show, not only that he was misled by his counsel, but that action or inaction by state officials contributed to his prejudice. ''It should also be noted that in order to fulfill the requirements for *coram nobis* relief, petitioner would have to allege that he was prejudiced as a result of improper action by state officials. In *In re Nunez,* 62 Cal.2d 234, 236 [2] [42 Cal.Rptr. 6, 397 P.2d 998], it is stated: 'In the absence of an allegation of state involvement, petitioner's allegation that counsel improperly induced him to enter a guilty plea does not state a ground for *coram nobis* relief.' Petitioner merely alleges that he was ill-advised by the public defender. It is settled that action on the advice of the public defender is equivalent to action based upon the advice of private counsel. (*In re Atchley,* 48 Cal.2d 408, 418 [3] [310 P.2d 15].) Petitioner has not alleged that the prosecutor or any other state official was a participant. Consequently, he has not made an allegation of state action, and his petition does not state grounds for *coram nobis* relief. (*People* v. *Quigley,* 222 Cal.App.2d 694, 699 [7] [35 Cal.Rptr. 393].)'' (*In re Watkins* (1966) 64 Cal.2d 866, 872 [51 Cal. Rptr. 917, 415 P.2d 805] ; and see *People* v. *Watkins* (1949) 92 Cal.App.2d 375, 376-377 [206 P.2d 1118].)

It was not contended that the evidence required an acquittal as a matter of law. Under such circumstances it cannot be said that the public defender's failure to move for a new trial reduced the trial to a ''farce or a sham.'' (See *People* v. *Reeves* (1966) 64 Cal.2d 766, 773-776 [51 Cal.Rptr. 691, 415 P.2d 35] and cf. *People* v. *Ibarra* (1963) 60 Cal.2d 460, 464-466 [34 Cal.Rptr. 863, 386 P.2d 487].) The facts do not warrant relief because of the inadequacy of the representation of counsel even if such would furnish a ground for setting aside the judgment. Moreover, this is a matter that may be

raised on appeal, as may any attempt to show the insufficiency of the evidence as a matter of law.

The situation insofar as the relation of counsel and client is concerned is analogous to that which existed in regard to filing a notice of appeal before the rules were amended to give a defendant an opportunity to apply for relief (see *infra*). "He alleges that the assistant public defender assured him an appeal would be taken and gave oral notice of appeal but never filed a written notice of appeal. He claims he should not be charged with the neglect of the public defender, a court appointed attorney. This is indistinguishable from the factual situation presented in *People* v. *Cox,* 120 Cal.App.2d 246 [260 P.2d 1050]. There the defendant was represented by the public defender who gave oral notice but no written notice of appeal. Discovering the lack, defendant gave written notice about one month after the expiration of the 10-day period prescribed by the Rules on Appeal. That was too late. Said the reviewing court : 'The courts have recognized no excuse for the late filing of a notice of appeal, whatever the hardship or apparent injustice involved. (*People* v. *Lewis,* 219 Cal. 410 [27 P.2d 73] ; *People* v. *Dawson,* 98 Cal.App.2d 517 [220 P.2d 587].)' (P. 247.)'' (*People* v. *Walsh* (1954) 129 Cal.App.2d 327, 329 [277 P.2d 73].)

In the lower court defendant originally relied upon an analogy with the cases which, under the provisions of rule 31(a) California Rules of Court, excuse a delay in filing notice of appeal. "Either a request that the attorney file the notice of appeal or a promise on his part to do so is sufficient grounds for relief under rule 31(a)." (*People* v. *Perrin* (1966) 64 Cal.2d 487, 488 [50 Cal.Rptr. 538, 413 P.2d 138] ; and see *People* v. *Krebs* (1965) 62 Cal.2d 584, 585 [43 Cal.Rptr. 331, 400 P.2d 323] ; *People* v. *Curry* (1965) 62 Cal.2d 207, 210 [42 Cal.Rptr. 17, 397 P.2d 1009] ; *People* v. *Diehl* (1964) 62 Cal.2d 114, 118 [41 Cal.Rptr. 281, 96 P.2d 697] ; and *People* v. *Martin, supra,* 60 Cal.2d 615, 619.) It is sufficient to note that rule 31(a) itself provides that the defendant may petition the reviewing court for relief. No comparable provision is found in section 1182 of the Penal Code. Moreover, ignorance of the right to appeal is not grounds for relief. "The basic question presented in the instant case is whether the right to relief should be extended to a situation where there is neither a promise nor a request, but where the defendant is ignorant of his rights, and the trial attorney has not informed him of his right to appeal or of the procedures involved in exercising it. For reasons hereafter stated, we do not think the courts by

judicial decision should so extend the rule. The right to appeal is, of course, statutory in nature. If such an extension is to be made it should come by rule or statute and not by judicial decision.'' (*People* v. *Hatten* (1966) 64 Cal.2d 224, 225 [49 Cal.Rptr. 373, 411 P.2d 101].) ▮ So here any extension of the time within which to make a motion for a new trial in a criminal proceeding should come by rule or statute and not by judicial decision.

In *Coombs* v. *Hibberd* (1872) 43 Cal. 452, wherein the trial court purported to vacate a motion denying a new trial so as to grant the motion on rehearing, the opinion observed: ''The right to move for a new trial is a creature of the statute, and this statute provides for but one statement and one motion. The motion to vacate the order was equivalent in its effect upon the parties to a renewed motion for a new trial. It demanded another hearing of a question once determined, and resulted in the granting of a new trial which had been once refused. If this practice should be allowed, several consequences, not contemplated by the statute, would ensue. The limited time within which a motion for a new trial may be made would be practically enlarged, for there can be no good reason why the motion to set aside the order should be made within a limited number of days. The proceedings after judgment would be interminable, for the last order could be vacated upon motion of the losing party, and so *ad infinitum.* There must be some point where litigation in the lower Court terminates, and the losing party is turned over to the appellate Court for redress.'' (43 Cal. at pp. 453, 454.)

Although the orders must be reversed, the defendant should not be deprived of his right to appeal from the judgment. Under the principles enunciated in *People* v. *Martin, supra,* 60 Cal.2d 615, he may be granted to within 10 days after the termination of the proceedings which have arisen because of the improper assertion of jurisdiction by the trial court.

The orders which set aside the judgment of March 25, 1965 and which granted a new trial are each reversed, with leave to defendant to file a new notice of appeal from said judgment within 10 days after the remittitur is filed in the trial court.

Sullivan, P. J., and Molinari, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 26, 1966.