[Crim. No. 11888. Second Dist., Div. Two. Apr. 24, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. EDDIE TAYLOR, Defendant and Appellant.

Eddie Taylor, in pro. per., and Lawrence H. Nagler, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—On August 14, 1965, at approximately 3 p.m., two officers of the Los Angeles Police Department were

driving north on Central Avenue in Watts. They observed appellant standing inside the Lucky Ace Liquor store holding several bottles of liquor. The front window of the store was broken.

The officers parked in front of the store. The door to the store was locked. Appellant was ordered out. He refused. One of the officers entered through the broken window and brought him out. It was necessary to forcibly restrain appellant and to handcuff him while he was patted down for weapons. He was taken to the 77th Street police station. When led into the interrogation room, appellant kicked one of the officers. The officer testified appellant was "very combative" and that he punched appellant in the mouth with his fist. Appellant tried to kick the officer and another officer punched him in the stomach. Appellant "quieted down."

Appellant was taken to Central Receiving Hospital, then to the County Hospital and booked in the prison ward. He was given X-rays and received stitches for a cut on his lip. He remained in the hospital for six days, until August 20, 1965 and was arraigned on the burglary charge on Tuesday, August 24, 1965.

On September 10, 1965, appellant was charged by information with burglary. Arraigned on the same date, the public defender was appointed counsel and appellant pleaded not guilty. He was represented by counsel at all stages of the proceedings. Thereafter, on November 2, 1965, appellant, although represented by counsel, moved in pro. per. to dismiss the information pursuant to Penal Code, section 995. The motion was denied.

On November 4, 1965, the cause was called for trial. Appellant's "motion and request for proper counsel" and motion to strike the information were denied. Jury trial was legally waived. Appellant was found guilty of second degree burglary and sentenced to state prison.

Appellant testified he was arrested while walking down Central Avenue and that he was not in or near the liquor store at the time. He also stated the officers hit him with the butt of a shotgun and kicked him in the head.

There are no confessions or admissions in this case.

Appellant contends it was error (1) to deny his November motion to dismiss under Penal Code, section 995 (prior to trial but after he had pleaded not guilty); (2) to deny his motion to dismiss made on November 4, because he had not been arraigned until 10 days after his arrest; (3) to deny his

motion for proper counsel; (4) for the trial court to refuse appellant's motion for inclusion in the record on appeal of his motions to dismiss and that this court should augment the record to include these motions; and (5) the trial court refused to hear his motion for a new trial.

 Penal Code, section 995 provides for the setting aside of an information if "before the filing thereof the defendant ha[s] not been legally committed by a magistrate," or if probable or reasonable cause was lacking for the commitment. Section 996 of the Penal Code provides that if a motion to set aside the information is not made, a defendant is precluded from later taking the objections enumerated in section 995.

"When a defendant is first arraigned in the superior court, he may move to set aside the information on the grounds specified in section 995 of the Penal Code; such a motion must be made before a defendant demurs to the information, or pleads to the charge, and if he does not avail himself of his rights under that section he is deemed to have waived them. (Pen. Code, § 996; *People* v. *Gomez*, 209 Cal.App.2d 187, 195 [26 Cal.Rptr. 54] ; *People* v. *Ahern*, 113 Cal.App.2d 746, 750 [249 P.2d 63] ; *People* v. *Brown*, 72 Cal.App.2d 717, 719 [165 P.2d 707])." (*People* v. *Wester*, 237 Cal.App.2d 232, 236 [46 Cal.Rptr. 699].)

 Appellant is correct in his contention that denial of a motion to dismiss under Penal Code section 995, may be reviewed on appeal from the judgment of conviction. (*People* v. *Minkowski*, 204 Cal.App.2d 832, 841 [23 Cal.Rptr. 92] ; see also *People* v. *Elliot*, 54 Cal.2d 498, 503 [6 Cal.Rptr. 753, 354 P.2d 225].) However, there is nothing for this court to review. Appellant, represented by counsel, pleaded not guilty to the charge against him. Two weeks later, in pro. per., he filed a written motion, renewed orally by him at trial, under section 995. No motion was made to withdraw the plea to permit the proper making of such a motion. There is no point, therefore, in having said matters included in the record.

 There is no showing, and nothing in the record indicates, that appellant was not properly represented by counsel. Appellant ignored his attorney and acted in his own behalf. There is no showing of lack of adequate representation (see *People* v. *Ibarra*, 60 Cal.2d 460, 464-466 [34 Cal.Rptr. 863, 386 P.2d 487]) ; we have a right to assume, therefore, that had a motion under section 995 had a chance of success, or otherwise would have been to appellant's advantage, it would have been made.

The trial court properly denied appellant's motion for inclusion in the record on appeal of his motion to dismiss and "other relevant documents," which presumably refers to the municipal court file which would show the ten-day delay in arraignment. He urges that this court augment the record pursuant to rule 12(a) of the Rules on Appeal to include these documents.[1] In *People* v. *Wein*, 50 Cal.2d 383, 411 [326 P.2d 457], the supreme court, denying a motion to augment in a similar situation, stated: "[The] record is offered to show that defendant was not taken before the municipal court until nearly five days after his arrest. He claims that there was 'unnecessary delay' (Pen. Code, § 849) and that his constitutional rights were thus violated, citing *Mallory* v. *United States*, 354 U.S. 449 [1 L.Ed.2d 1479, 77 S.Ct. 1356]. However, rule 12(a) on which defendant relies, by its own terms, provides for augmentation only where the record was 'offered at or used on the trial or hearing below and [was] on file in or lodged with the superior court.' (Rules on Appeal, rule 12(a).) Here, defendant makes no showing that the minutes were ever used in the proceedings in the superior court or that they ever became a part of that court's records."

Appellant's motion to augment is denied.

Arrested on August 14, appellant was taken to and remained in the hospital until Friday, August 20. He was arraigned on Tuesday, August 24. Since Saturday is a municipal court holiday (Gov. Code, § 72305) and the court does not convene on Sunday, and since section 825 of the Penal Code specifically excludes Sundays and holidays, there was no more than a two-day delay before appellant was brought before a magistrate after his release from the hospital. In *People* v. *Lane*, 56 Cal.2d 773, 781 [16 Cal.Rptr. 801, 366 P.2d 57], it was held that it would be unreasonable to require a defendant who is hospitalized to be taken before a magistrate with possible jeopardy to his health. We do not consider the delay unreasonable. Further, there must be a showing of prejudice if the conviction is attacked on this ground. There is no such showing. (*People* v. *Mitchell*, 209 Cal.App.2d 312, 320 [26 Cal.Rptr. 89].) There was no unfairness in the trial as a result of the delay, the intervening time was not used to gather any evidence since the only evidence used at the trial, upon which conviction was based, was that of the arresting officers and there were no admissions or

---

[1]Appellant has attached a copy of the motion to dismiss to his brief.

confessions obtained during the asserted delay or used at the trial. The cases of *People* v. *Van Eyk*, 56 Cal.2d 471, 480 [15 Cal.Rptr. 150, 364 P.2d 326]; *Rogers* v. *Superior Court*, 46 Cal.2d 3, 10 [291 P.2d 929]; *People* v. *Garner*, 234 Cal.App. 2d 212, 228 [44 Cal.Rptr. 217]; *People* v. *Pollart*, 208 Cal. App.2d 793, 796 [25 Cal.Rptr. 678], therefore, have no application.

▮ Finally, appellant's contention that he is entitled to a new trial because the court refused to hear his motion for a new trial, is without merit. The record shows that at the hearing on probation and sentence, the court asked whether legal cause existed why judgment and sentence should not be pronounced. Appellant's attorney responded negatively but pointed out to the court that appellant had already spent 107 days in custody. The court sentenced appellant to state prison. After sentence the following colloquy occurred:

"THE DEFENDANT: Your Honor, I want to present this notice of appeal. THE COURT: Just file it with the clerk. THE DEFENDANT: I would like to ask for a new trial too. THE COURT: The defendant is remanded. The appeal can be filed and we will take care of it."

"A motion for a new trial in a criminal proceeding must be made orally and the grounds relied upon must be specified. Otherwise, the right to make the motion is waived. See *People* v. *Dillard*, 168 Cal.App.2d 158, 167 [335 P.2d 702]; *People* v. *Skoff*, 131 Cal.App. 235 [21 P.2d 118]. ▮ The Penal Code does not authorize the court to hear and grant a motion for a new trial after judgment in a criminal proceeding. (Pen. Code, §§ 1182 and 1202; *People* v. *Fry*, 137 Cal.App. 525, 529 [31 P.2d 204].) " (*People* v. *Grake*, 227 Cal.App.2d 289, 292 [38 Cal.Rptr. 666].)

▮ Appellant's counsel, by stating that no legal cause existed, waived the right to make a motion for a new trial. (*People* v. *Jaramillo*, 208 Cal.App.2d 620, 628 [25 Cal.Rptr. 403].) ▮ Appellant's own statement indicates no more than a desire to move for a new trial and was not in itself a motion. This is not the same as the act of making a motion. Independent of its ambiguity and the impropriety of its source since appellant had counsel acting in his behalf, such a motion, assuming it was made, was untimely. The court's failure to "rule" on the motion does not fall within section 1202 of the Penal Code—there was no motion properly before the court before pronouncement of judgment and nothing for it to determine. Unlike *Jaramillo, supra*, there was no indica-

tion by the court that it was "willing" to hear the motion but simply failed to take the procedural step of vacating oral judgment prior to entry in the minutes. Unlike *Grake, supra,* there is nothing to show that the parties and the court believed the court to be without jurisdiction to hear the motion because sentence had already been pronounced.

The motion to augment the record on appeal is denied.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied May 12, 1967, and appellant's petition for a hearing by the Supreme Court was denied June 21, 1967.