[No. A025632. First Dist., Div. Five. May 10, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL DAVID MADRID, Defendant and Appellant.

**[Opinion certified for partial publication*]**

---

*Parts II, III and IV are not published as they do not meet the standards for publication contained in California Rules of Court, rule 976(b).

COUNSEL

Eric Liberman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Dane R. Gillette and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KING, J.**—In this case we hold that a trial court does not abuse its discretion by failing to exclude the district attorney from a hearing on a defendant's motion to dismiss his court-appointed counsel, when there is no timely request to do so and no information is disclosed about the defendant's case during the hearing to which the prosecution is not entitled, or which could conceivably lighten the prosecution's burden of proving its case.

Madrid claims prejudicial error occurred in the inquiry afforded him after his request, pursuant to *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44], to relieve his court-appointed counsel and substitute new counsel because the court did not exclude the district attorney from the *Marsden* hearing. We affirm the judgment.

I.

On the date set for trial, Madrid moved to dismiss his court-appointed counsel. (*People* v. *Marsden, supra,* 2 Cal.3d 118.) A hearing was held on the motion with Madrid's counsel and the district attorney present.

Upon questioning by the court, Madrid related the following specific allegations to demonstrate his counsel's asserted inadequacy: defense counsel had a conflict of interest,[1] had failed to request a pretrial lineup, had ne-

---

[1] Defendant claimed a conflict of interest existed because his counsel was "really not too interested in what's happening. . . ." He later asserted that the conflict was demonstrated because counsel did not believe he was innocent.

glected to contact important defense witnesses, and had never provided Madrid with a written copy of the formal charges filed against him. Defense counsel responded that he was unaware of any potential conflict of interest that existed between himself and Madrid. Moreover, counsel related that he had discussed the possibility of requesting a lineup with Madrid before the preliminary hearing. Counsel explained that a joint decision had been made to forego requesting a pretrial lineup. Counsel also indicated that he had thoroughly explained the content of the information filed against Madrid and he believed that Madrid understood the nature of the charges.

Counsel also answered the allegation that he had failed to identify and contact potential defense witnesses. After repeated requests, Madrid had finally disclosed the identity of a potential defense witness to defense counsel on the day before trial. Counsel indicated to the court his intention to interview her in advance of the time she would be needed to testify. At counsel's request, Madrid wrote the witness' name on a piece of paper to be put in a sealed envelope and made part of the record in these proceedings, but not disclosed to the prosecution.

The district attorney vouched for counsel's competency, stating that he had discussed Madrid's case with defense counsel on several occasions and that defense counsel "has been very diligently preparing for trial for quite awhile. He is familiar with the facts of the case and he has made quite an effort to be familiar with all the materials the prosecution has." The court then denied the motion.

The next day Madrid presented the court with an unsigned petition requesting a "*Marsden* hearing." The court indicated its willingness to consider any additional grounds. Madrid reiterated several of the concerns that he had voiced the day before, but also charged that defense counsel had failed to file discovery motions, counsel had not prepared an adequate defense to the charges, and counsel had not inquired into the validity of the alleged out-of-state priors.

With the district attorney present, the court then inquired about the potential defense witness whose identity was contained in the sealed envelope. Defense counsel reported that she had been subpoenaed and was scheduled to appear for the defense at trial. The court also asked defense counsel to estimate approximately how much time he had spent with Madrid discussing this case. Counsel offered to prepare an estimate.[2] The court also inquired about Madrid's familiarity with the charges. Counsel assured the court that

---

[2]Later in the proceedings, defense counsel reported to the court that he had discussed the case with Madrid on eight separate occasions.

Madrid "understood not only the charges, but the specific facts as to each count, and was able to aid and assist me in discussing the facts as to each count." Defense counsel also reported that full and complete discovery had been conducted.

The district attorney again attested to defense counsel's diligence in this case and accused Madrid of "following the same course of conduct that unfortunately appears to have become somewhat popular among our jail inmate population. That is to try to delay the justice proceedings by any method possible, when it becomes evident that the proof is about to be adduced as to their guilt." At this point Madrid, *for the first time,* objected to the district attorney's presence during the *Marsden* hearing.

■ A trial court abuses its discretion in ruling upon a motion for substitution of counsel without first hearing the defendant's reasons for requesting a change of counsel. (*People* v. *Marsden, supra,* 2 Cal.3d at pp. 123-124.) Here, there is no dispute that the trial court conducted a full and fair inquiry into Madrid's specific reasons for requesting another attorney. Rather, Madrid attacks the proceedings on a novel ground—the trial court's failure to exclude the district attorney from the *Marsden* inquiry.

■ Despite Madrid's bold assertion that the existing "rule" in California mandated the district attorney's exclusion, our independent review of the cases on this subject and our experience as trial judges establishes that no single, inflexible procedure exists for conducting a *Marsden* inquiry. Indeed, several of the reported decisions reveal the presence of the district attorney during the *Marsden* hearing. (See, e.g., *People* v. *Avalos* (1984) 37 Cal.3d 216, 231 [207 Cal.Rptr. 549, 689 P.2d 121]; *Harris* v. *Superior Court* (1977) 19 Cal.3d 786, 791 [140 Cal.Rptr. 318, 567 P.2d 750]; *People* v. *Terrill* (1979) 98 Cal.App.3d 291, 297 [159 Cal.Rptr. 360].) These citations belie Madrid's claim that the trial court broke with a settled rule of procedure when it allowed the district attorney to participate in Madrid's *Marsden* inquiry.

Additionally, in our view, a strict rule dictating the district attorney's exclusion from all *Marsden* inquiries is unnecessary. Some or all of the information needed to assess the defendant's complaints may be within the personal knowledge of the district attorney. The district attorney may be able to provide the court with valuable input that is necessary and appropriate to a just resolution of defendant's motion. On the other hand, there are situations in which the district attorney's presence would inhibit defendant or his counsel from freely discussing the facts surrounding the specific allegations. (See *People* v. *Penrod* (1980) 112 Cal.App.3d 738, 746, fn. 1 [169 Cal.Rptr. 533].)

We believe the better practice is to exclude the district attorney when a timely request is made to do so by the defendant or his counsel. In the absence of a request, the trial court should exclude the district attorney whenever information would be presented during the hearing to which the district attorney is not entitled, or which could conceivably lighten the prosecution's burden of proving its case. (See *Prudhomme* v. *Superior Court* (1970) 2 Cal.3d 320, 326 [85 Cal.Rptr. 129, 466 P.2d 673].)

Thus, the question of whether or not the district attorney should be allowed to participate in the *Marsden* hearing does not lend itself to a fixed, inflexible rule. Rather, the procedural parameters of the *Marsden* inquiry should be shaped by the particular facts and interests involved. The trial court is in the best position to assess whether the defendant's motion, as here, is frivolous or for purposes of delay and can be most expeditiously handled in open court so the court can efficiently manage its calendar.

We now turn to the question of whether the trial court in this case abused its discretion in allowing the district attorney to participate in the instant *Marsden* inquiry. Madrid contends the district attorney's presence inhibited him from stating certain objections to his counsel's representation. We find nothing in the record to support this contention. Madrid was afforded two very complete *Marsden* hearings *before* he made any objection to the district attorney's presence. During these inquiries, the court seriously and capably carried out its responsibilities to listen to Madrid's reasons for requesting substitution of counsel. Madrid was repeatedly encouraged to fully and freely state his complaints, and the court itself made several inquiries of counsel to determine whether any of his charges were substantiated. Despite more than adequate opportunity, Madrid offered no indication that there were additional, undisclosed grounds for his dissatisfaction with counsel.[3] Had Madrid made his objection known earlier, the trial court would have been in a position to make further inquiry, and then, if necessary, to remedy any impediment the district attorney's presence posed to his full disclosure of his complaints.

The trial court did not abuse its discretion by failing to exclude the district attorney from the *Marsden* hearing when Madrid did not object to the district attorney's presence until after a full *Marsden* inquiry had been con-

---

[3]It should be reiterated that the trial court had established a procedure which sufficiently protected the defendant from disclosure of confidential information to the district attorney. In the course of the *Marsden* inquiry, the identity of a potential defense witness was written on a piece of paper by defendant, placed in a sealed envelope, and made a part of the record of these proceedings. This procedure stood ready to be utilized by defendant if he had complaints about his attorney's performance which he did not wish to disclose in front of the district attorney.

ducted and his stated basis for the motion did not indicate he would disclose any inappropriate information to the prosecution. Additionally, certain of Madrid's grounds made it appropriate for the court to permit the presence of the district attorney so that the court had all necessary information before it to properly rule on the motion.

II.*

. . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.

---

*See footnote, *ante,* page 14.