[Crim. No. 13285. Third Dist. Feb. 21, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
CHARLES W. DENNIS, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, Attorney General, Eddie T. Keller and Janice Rogers Brown, Deputy Attorneys General, for Plaintiff and Appellant.

Francine T. Kammeyer, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**SPARKS, J.**—In this case we hold that the district attorney cannot be barred from meaningful participation in a hearing on a motion for new trial based upon the claimed ineffectiveness of defense counsel during trial.

After a jury trial defendant Charles W. Dennis and his codefendant Gregory Willis were each found guilty of one count of kidnapping (Pen. Code, § 207), one count of forcible oral copulation in concert (Pen. Code, § 288a, subd. (d)), and three counts of forcible rape. (Pen. Code, § 261, subd. (2).) The defendants were found to have acted in concert in committing the rapes, an enhancing allegation under Penal Code section 264.1. Enhancing allegations of either being armed with or using a deadly weapon were also found to be true as to each count. (Pen. Code, §§ 12022, subd. (b); 12022.3, subds. (a) and (b).) In a separate trial to the court defendant Dennis was found to have suffered a prior serious felony conviction within the meaning of Penal Code sections 667 and 1192.7, subdivision (c). After trial, in a proceeding from which the prosecutor was excluded, the trial court granted

each defendant's motion for a substitution of counsel. Newly substituted counsel then moved for a new trial on the ground that by granting the motion for a substitution of counsel the court had necessarily determined that defendants received inadequate trial representation. Without permitting the prosecutor to know the basis for the motion, or an opportunity to present evidence or argument, the trial court granted the motions for new trials. The People appeal from the order granting a new trial to defendant Dennis. We reverse.

## FACTS

Due to the procedural posture of this case we need not set out in excruciating detail the facts of the crimes. Defendants were charged with abducting and sexually attacking a Sacramento prostitute on December 9, 1982. The victim testified that she had "dated" defendant Dennis several days before the attack, meaning she engaged in a sex act for pay with him. On the evening of the attack she was working her corner when Dennis drove up to her and asked if she had a place to go for a "date." She got into the car to direct Dennis to her apartment, and as they drove defendant Willis, who had been hiding in the back, grabbed the victim and held a sharp object to her throat. The defendants then took turns driving while the other raped the victim in the back seat. At one point defendant Dennis took the victim into a cornfield where he forced her to commit an act of oral copulation. Both defendants were armed with box cutters. The ordeal came to an end when an Isleton police officer stopped the car to cite the driver for failure to dim his headlights in the face of oncoming traffic. The victim broke free and reported the attack, and defendants were arrested. Although he called several witnesses, defendant Dennis did not testify. Defendant Willis did testify and he admitted that he and Dennis picked up the victim that night when she waved their car over. He denied, however, that either of them engaged in any sex acts with the victim or that they kidnapped her.

Before trial defendant Dennis moved to discharge his appointed counsel and for appointment of a substitute counsel. The trial court excluded the prosecutor and held an in camera hearing on the motion. After hearing from defendant and his counsel, the trial court denied the motion. The transcript of the in camera hearing has been submitted under seal to this court. We have examined the transcript and note that nothing in the in camera hearing would support a claim that the court abused its discretion in denying the pretrial motion for a substitution of appointed counsel. (See *People* v. *Rhines* (1982) 131 Cal.App.3d 498, 505-506 [182 Cal.Rptr. 478].)

The jury trial was conducted before a different trial judge and it resulted in the verdicts we have recounted. After the verdicts were rendered, but

before sentencing, defendant Dennis wrote to the trial court to express once again his dissatisfaction with his appointed counsel. When the matter came on for sentencing, the trial court cleared the courtroom, excluded the prosecutor, and heard defendants' motions for substitution of counsel. After hearing from defendants and their counsel the trial court granted the motions for substitution of attorneys as to each defendant and continued the matter for sentencing.

■ ■ ■ ■ Dennis' new counsel moved for a new trial.[1] The sole ground asserted was that Dennis had been denied the effective assistance of counsel at trial. In support of the motion counsel simply argued that since the court had granted the motion for a substitution of counsel on grounds of ineffectiveness of prior counsel, "it seems inescapable that Defendant's constitutional right to effective counsel having been thus abridged, . . . a new trial must be granted . . . ." Counsel for Willis moved for a new trial on this and other grounds.[2]

When the matter came on for hearing the prosecutor noted that he had been excluded from the hearing on the motion for a substitution of counsel, and that it was thus impossible for him to answer the motion for a new trial. He asked that he be given a transcript of the in camera hearing and be allowed to respond to the motion. Counsel for Dennis argued that the granting of the motion for a substitution of attorneys was in itself sufficient to support a new trial, and that giving the prosecutor disclosure "would in effect require Mr. Dennis to exchange one constitutional right for another." The court agreed and granted the motions for new trials of each defendant without giving the prosecutor an opportunity to respond to the motions. The

---

[1] A new trial, as its name suggests, is a "reexamination of the issue in the same Court, before another jury, after a verdict has been given." (Pen. Code, § 1179.) A motion for new trial may only be granted to the defendant "upon his application" (Pen. Code, § 1181), and must, with some exceptions, "be made and determined before judgment . . . ." (Pen. Code, § 1182.) The nine statutory grounds for the motion are set forth in Penal Code section 1181. The motion must be made orally and must specify the grounds on which it is based. (*People* v. *Taylor* (1967) 250 Cal.App.2d 367, 372 [58 Cal.Rptr. 269]; *People* v. *Skoff* (1933) 131 Cal.App. 235, 239-240 [21 P.2d 118].) The statute expressly requires supporting affidavits only when the ground is newly discovered evidence. In that case, "the defendant must produce at the hearing . . . the affidavits of the witnesses by whom such evidence is expected to be given . . . ." (Pen. Code, § 1181, subd. 8.) Nonetheless, when the grounds are not apparent from the trial record, it is the usual practice to present affidavits or declarations in support of the motion. (Witkin, Cal. Criminal Procedure (1963) Judgment and Attack in Trial Court, § 575, p. 579.) "The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict or finding cannot be used or referred to, either in evidence or in argument, . . ." (Pen. Code, § 1180.) Thus an order for new trial automatically sets aside all the verdicts rendered by the jury.

[2] Defendant Willis is not a party to this appeal and we therefore have no occasion to address the validity of the order granting him a new trial.

court did, however, make a "specific finding that in this case trial counsel for Mr. Dennis and Mr. Willis both failed to act in a manner to be expected of a reasonably competent attorney, act[ing] as a diligent advocate, and it is abundantly clear that these acts or omissions resulted in the withdrawal of potentially meritorious defenses in the particular matter." The People appeal pursuant to Penal Code section 1238, subdivision (a)(3), from the order granting defendant Dennis' motion for a new trial.

DISCUSSION

■ The Attorney General objects to the "triple-play" of *Marsden* to *Pope* to *Fosselman* which, in essence, resulted in an ex parte order granting a new trial with no opportunity for the People to play in the game by presenting evidence or argument in opposition. We agree with the Attorney General that the judicial umpire miscalled the play by ruling that the People were out before they had their inning at bat.

The rules of *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44], *People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1], and *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144], are all grounded in the constitutional right to effective counsel. They serve different purposes, however, and should not be combined in a manner which insulates a defendant from an adversarial proceeding and unilaterally allows him to circumvent his burden when attacking a conviction.

In *Marsden,* the Supreme Court "held that a defendant must be permitted to state the reasons why he believes a court-appointed counsel should be discharged." (*People* v. *Lewis* (1978) 20 Cal.3d 496, 497 [143 Cal.Rptr. 138, 573 P.2d 40].)[3] The *Marsden* court noted that the decision whether a defendant should be permitted to discharge an appointed counsel and to substitute another is a matter within the discretion of the trial court. (2 Cal.3d at p. 123.) But "[a] judicial decision made without giving a party an opportunity to present argument or evidence in support of his contention 'is lacking in all the attributes of a judicial determination.'" (*Id.,* at p. 124, citation omitted.) ■ Consequently, when a defendant seeks to discharge his appointed counsel, the trial court must allow him to state his reasons for the request.

---

[3]In *People* v. *Courts* (1985) 37 Cal.3d 784 [210 Cal.Rptr. 193, 693 P.2d 778], the court noted that the *Marsden* rule is predicated upon a defendant's dissatisfaction with appointed, rather than retained, counsel. Where counsel is retained, "reliance on *Marsden,* a case which involved the substitution of *appointed* for another *appointed* counsel, [is] inapposite. The standards for evaluating such requests are quite different than those used in the retained counsel context." (*Id.,* at p. 795, fn. 9; italics in original.)

In *Pope,* the high court held that a defendant with a court appointed attorney is entitled, under the federal and state constitutional guaranties of assistance of counsel, "[to] the kind of legal assistance to be expected of a reasonably competent attorney acting as a conscientious, diligent advocate." (*Pope,* 23 Cal.3d at p. 427.) If a defendant carries his burden of proof on the issue of ineffective counsel, then before he is entitled to have the judgment of conviction reversed or vacated, he must further "establish that counsel's acts or omissions resulted in the withdrawal of a potentially meritorious defense." (*Id.,* at p. 425.)

In *Fosselman,* the Supreme Court considered whether a post-conviction claim of ineffective assistance of counsel may be raised and determined on a motion for a new trial. ██ Although ineffectiveness of counsel is not one of the statutorily enumerated grounds for a new trial motion, the court held that if the trial court is able to determine the effectiveness issue on a motion for a new trial, then it should do so. (33 Cal.3d at pp. 582-583.)[4] The court then clarified its earlier holding in *Pope*: "*Pope* declares that to show ineffective assistance of counsel a defendant must prove in part that his attorney's deficient representation resulted in the 'withdrawal of a potentially meritorious defense.'" (*Id.,* at p. 583.) But when the "claim of ineffective assistance of counsel is based on acts or omissions not amounting to withdrawal of a defense, a defendant may prove such ineffectiveness if he establishes that his counsel failed to perform with reasonable competence and that it is reasonably probable a determination more favorable to the defendant would have resulted in the absence of counsel's failings." (*Id.,* at p. 584.)

The issue in a *Marsden* hearing is whether the continued representation by an appointed counsel would substantially impair or deny the right to effective counsel. (*Marsden, supra,* 2 Cal.3d at p. 123; see also *People* v. *Carr* (1972) 8 Cal.3d 287, 299 [104 Cal.Rptr. 705, 502 P.2d 513].) "Ineffective assistance of counsel is the underlying plank which supports the *Marsden* rule." (*People* v. *Maese* (1980) 105 Cal.App.3d 710, 723 [164 Cal.Rptr. 485].) ██ In contrast, when a defendant attacks a verdict on the ground of inadequate assistance of counsel the focus is not just upon whether the representation actually received was competent. The inquiry is also focused on whether counsel's challenged acts or omissions were prejudicial to the defendant. (*People* v. *Pope, supra,* 23 Cal.3d at pp. 424-426; see also *Hill* v. *Lockhart* (1985) 474 U.S. — [88 L.Ed.2d 203, 106 S.Ct.

---

[4]As the *Fosselman* court noted, "Penal Code section 1181 enumerates nine grounds for ordering a new trial. It is true the section expressly limits the grant of a new trial to only the listed grounds, and ineffective assistance is not among them. Nevertheless, the statute should not be read to limit the constitutional duty of trial courts to ensure that defendants be accorded due process of law." (*Fosselman,* 33 Cal.3d at p. 582.)

366].) Thus, the *Marsden* rule is preventative while the *Fosselman* rule is remedial. *Marsden* looks to the future; *Fosselman* evaluates the past. Although both cases are based on the right to counsel, a ruling in one does not ipso facto support a ruling in the other.

The People do not concede that a *Marsden* hearing should be held in camera, but they do not assert this as a ground for reversal. ■ In view of the fact that a *Marsden* hearing looks to the future and is designed to determine whether counsel may effectively continue to represent the defendant, we can find no error in the in camera nature of the hearing. It will often be the case that in order to convince a trial court that counsel should not continue in his representation a defendant will be required to disclose strategy or evidence to which the prosecutor might not otherwise be privy. This fact, and the fact that the People will generally have no interest in having the defendant represented by a particular attorney, render the *in camera* option a useful tool in the administration of justice. For these reasons we agree that "the better practice [in a *Marsden* hearing] is to exclude the district attorney when a timely request is made to do so by the defendant or his counsel. In the absence of a request, the trial court should exclude the district attorney whenever information would be presented during the hearing to which the district attorney is not entitled, or which could conceivably lighten the prosecution's burden of proving its case." (*People* v. *Madrid* (1985) 168 Cal.App.3d 14, 19 [213 Cal.Rptr. 813]; citation omitted.)

The People also do not object to the postconviction timing of the *Marsden* motion in this case. Due to the prospective nature of a *Marsden* motion, such motions are generally made before or during trial. (See Witkin, Cal. Criminal Procedure (1985 Supp.) § 379L, pp. 640-641.) Indeed, the tardiness of such a motion may constitute an adequate ground, by itself, for denial. (*People* v. *Williamson* (1985) 172 Cal.App.3d 737, 745 [218 Cal.Rptr. 550]; *People* v. *Maese, supra,* 105 Cal.App.3d at p. 723.) A belated motion during the course of trial may well cause an unreasonable and impermissible disruption of the orderly processes of justice. (See *People* v. *Carr* (1972) 8 Cal.3d 287, 299 [104 Cal.Rptr. 705, 502 P.2d 513].) ■ Nonetheless, we can perceive no reason why such a motion may not be made posttrial when a proper showing has been made that counsel can no longer provide effective representation, either for the purpose of sentencing or of making a motion for new trial based on incompetency of counsel. The procedure to be employed when a defendant requests the substitution of new counsel after trial in order to assist in the preparation of a new trial motion based on the inadequacy of trial counsel was developed at length recently in *People* v. *Stewart* (1985) 171 Cal.App.3d 388 [217 Cal.Rptr. 306], and need not be repeated here. Suffice it to say that defendant presented a col-

orable claim of ineffective counsel and the trial court properly appointed new counsel.[5]

 The complaint of the People is that the new trial motion was granted simply on the basis of the *Marsden* motion. In effect, the granting of the new trial occurred without any opportunity for the prosecution to present evidence or argument, or even to know precisely why the verdicts were set aside. We agree this was error. Although the *Fosselman* court held that a claim of ineffective assistance of counsel may be resolved in a motion for a new trial, it expressly adhered to the *Pope* procedure. (33 Cal.3d at p. 581.) Where a defendant contends that a verdict was the result of ineffective assistance, he bears the burden of proving the claim. (*People v. Pope, supra,* 23 Cal.3d at p. 425.) To meet this burden the defendant must prove two things: (1) that counsel failed to act as a reasonably competent attorney acting as a diligent advocate, and (2) that counsel's errors or omissions resulted in the withdrawal of a potentially meritorious defense or that it is reasonably probable a more favorable result would have occurred in the absence of counsel's failings. (*Ibid.,* see *Fosselman, supra,* 33 Cal.3d at p. 584.) Where this burden is met then the inquiry must be directed to whether there is an explanation which shows that counsel did in fact act in the manner of a diligent and conscientious advocate. (*Pope, supra,* 23 Cal.3d at p. 425; *Fosselman, supra,* 33 Cal.3d at pp. 581-582.) Conduct which might appear incompetent on its face might well be explained with evidence dehors the record. (*Ibid.*) In *Pope* and *Fosselman,* the court recognized that claims of ineffective assistance of counsel will frequently be unresolvable on the record. In such circumstances the court expressed a preference for an evidentiary hearing where the matter may be fully explored. (*Pope, supra,* 23 Cal.3d at p. 426; *Fosselman, supra,* 33 Cal.3d at pp. 581-582.)

 The procedure in this case violated both the standards for resolving claims of ineffective assistance of counsel and the standards for determining a motion for new trial. The appointment of new counsel to present a new

---

[5]Following his conviction, defendant Dennis filed a handwritten motion requesting that appointed counsel be relieved and new counsel appointed. The record does not reflect that the motion was ever served upon the district attorney. In his ex parte motion, Dennis claimed that trial counsel failed to impeach the prosecutrix, to make indispensable motions, especially a *Beagle* motion (*People v. Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1]), to call critical witnesses, to object to damaging evidence, to have him examined for sexual impotency, or otherwise failed to provide effective representation. He further asserted that his relationship with his appointed counsel had reached the point that he trusted him "less than a rattlesnake" and that with this counsel the "County of Sacramento would not need a District Attorney at all."

Since this is an appeal by the People we have no occasion to examine the *Beagle* issue in light of the Supreme Court's decision in *People v. Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111].

trial motion upon a colorable showing of ineffective counsel does not, in itself, constitute an adjudication that the representation was in fact incompetent, much less that any errors occasioned by the claimed incompetency were prejudicial. It is clear that in a contested hearing to determine whether trial counsel acted in a competent manner and, if not, whether his acts or omissions prejudiced the defendant, the People may be able to present evidence and argument to rebut the defendant's showing. This is why an evidentiary hearing is preferred over an often speculative resolution based on the record. Further, "[i]n the presentation, hearing, and disposal of the motion [for a new trial] the parties and the court are engaged in a trial." (*People* v. *Sarazzawski* (1945) 27 Cal.2d 7, 17 [161 P.2d 934].) With regard to a motion for a new trial, it has been said " 'there can be no such thing as a legal trial, unless both parties are allowed a reasonable opportunity to prepare to vindicate their rights.' " (*Ibid.,* citation omitted.) While a trial court's exercise of discretion in resolving a new trial motion will seldom be disturbed, to use the *Marsden* court's words: "A judicial decision made without giving a party an opportunity to present argument or evidence in support of his contention 'is lacking in all the attributes of a judicial determination.' " (2 Cal.3d at p. 124, citation omitted.) In short, the "People of the State are also entitled to due process of law." (*Stein* v. *New York* (1952) 346 U.S. 156, 197 [79 L.Ed. 1522, 1549, 73 S.Ct. 1077].)

Finally, we consider defendant's argument that requiring him to disclose his reasons for seeking a new trial would force him to exchange one right for another. At the hearing on the new trial motion, new counsel claimed that it would constitute a violation of Dennis' right to due process if the district attorney were given access to all the facts and strategies revealed during the *Marsden* hearing. Consequently, so the claim goes, he would be forced to forfeit his due process right to establish the denial of his right to effective counsel. In part, that claim misses the mark. Defendant is not required to reveal what occurred at the *Marsden* hearing. What he is required to do on his motion for new trial is to establish, by affidavit, oral testimony or reference to the trial record, that his trial counsel was ineffective in some manner and that counsel's ineffectiveness prejudiced him. The district attorney is then entitled to make a counter showing and to present the views of the People on the two issues. That requirement of a fair hearing on the merits hardly deprives defendant of due process of law. When the defendant asks the trial court to set aside a jury verdict on the ground of ineffectiveness of counsel, he waives his attorney-client privilege as to matters he places in issue. (*In re Gray* (1981) 123 Cal.App.3d 614, 616 [176 Cal.Rptr. 721].) Since the burden is upon the defendant to prove his claim of ineffectiveness of counsel, the choice whether to present evidence or to remain silent is also his. But his decision must be made in light of the fact that silence will not support a motion for new trial.

But we recognize that the information that defendant will be required to disclose in support of a new trial motion may conceivably lighten the burden which the prosecution bears in bringing about a conviction upon a new trial and therefore defendant's right against self incrimination is implicated. (See *In re Misener* (1985) 38 Cal.3d 543, 555 [213 Cal.Rptr. 569, 698 P.2d 637].) That information may or may not be the same as that revealed in the *Marsden* hearing. Whether it is or not, the disclosures may reveal information that would impermissively lighten the prosecutor's burden on retrial in violation of defendant's right against self-incrimination. ■ A defendant, it must be recalled, retains the right against self incrimination after conviction and during the pendency of an appeal. (*In re Strick* (1983) 34 Cal.3d 891, 899 [196 Cal.Rptr. 509, 671 P.2d 1251]; *In re Courtney S.* (1982) 130 Cal.App.3d 567; 573 [181 Cal.Rptr. 843]; *People* v. *Lopez* (1980) 110 Cal.App.3d 1010, 1020-1021 [168 Cal.Rptr. 378].) Our conclusion that a silent record will not support a motion for a new trial on grounds of ineffectiveness of counsel may in some cases constitute a compulsive sanction against the exercise of the self incrimination privilege. (See *Ramona R.* v. *Superior Court* (1985) 37 Cal.3d 802, 811-812 [210 Cal.Rptr. 204, 693 P.2d 789], conc. opn. of Grodin, J.) Nevertheless, we conclude that the appropriate remedy is not to dispense with the requirement of grounds and supporting evidence for a new trial or to exclude the prosecutor from participation in the hearing, but is instead to adopt the rule set forth in a different context in *People* v. *Coleman* (1975) 13 Cal.3d 867 [120 Cal.Rptr. 384, 533 P.2d 1024].

In *Coleman* the defendant was subject to probation revocation proceedings on grounds which were also the basis for criminal charges. He declined to testify at his revocation hearing to avoid incriminating himself at his subsequent criminal trial. In order to alleviate the harsh testimonial choice such a person must make, the Supreme Court fashioned "a judicial rule of evidence that henceforth upon timely objection the testimony of a probationer at a probation revocation hearing held prior to the disposition of criminal charges arising out of the alleged violation of the conditions of his probation, and any evidence derived from such testimony, is inadmissible against the probationer during subsequent proceedings on the related criminal charges, save for purposes of impeachment or rebuttal where the probationer's revocation hearing testimony or evidence derived therefrom and his testimony on direct examination at the criminal proceeding are so clearly inconsistent as to warrant the trial court's admission of the revocation hearing testimony or its fruits in order to reveal to the trier of fact the probability that the probationer has committed perjury at either the trial or the revocation hearing." (13 Cal.3d at p. 889.)

Use immunity rules, such as that fashioned in *Coleman,* have been frequently adopted in analogous situations. In *Bryan* v. *Superior Court* (1972)

7 Cal.3d 575, at pages 586 to 589 [102 Cal.Rptr. 831, 498 P.2d 1079], a minor who had made admissions during juvenile court proceedings was subsequently found unfit to be dealt with under the juvenile court law, and his prosecution under the general law was ordered. The Supreme Court declared a use immunity rule in order to foster frank discussion of the incident during the juvenile proceedings without compromising the minor's privilege against self incrimination in the subsequent criminal proceedings. Similarly, in *In re Wayne H.* (1979) 24 Cal.3d 595, at page 602 [156 Cal.Rptr. 344, 596 P.2d 1], a minor had made admissions to his probation officer at a required post detention interview (Welf. & Inst. Code, § 628), and the admission was subsequently used at his juvenile court jurisdictional hearing. The Supreme Court held that the interview statements should not have been admitted at the jurisdictional hearing. In *People* v. *Harrington* (1970) 2 Cal.3d 991, at pages 999 and 1000 [88 Cal.Rptr. 161, 471 P.2d 961], the defendant, after conviction, declined to discuss the details of the case with the probation officer for fear of incriminating himself in subsequent proceedings. The Supreme Court declared a use immunity rule in order to foster full and frank discussion of the case so that a proper disposition could be made. (See also *People* v. *Hicks* (1971) 4 Cal.3d 757, 762 [94 Cal.Rptr. 393, 484 P.2d 65]; *People* v. *Quinn* (1964) 61 Cal.2d 551, 554 [39 Cal.Rptr. 393, 393 P.2d 705].)

The use immunity rules reflected in these cases have survived the passage of Proposition 8 at the June 1982, Primary Election which added section 28, subdivision (d), to article I of the California Constitution.[6] In *Ramona R.* v. *Superior Court, supra,* 37 Cal.3d at pages 808 and 809, the court held that use immunities are essential to our state constitutional privilege against self-incrimination and are reflected in Evidence Code section 940, which provides: "To the extent that such privilege exists under the Constitution of the United States or the State of California, a person has a privilege to refuse to disclose any matter that may tend to incriminate him." Thus, use immunity rules may be considered "statutory" rules of evidence relating to privilege and therefore are excluded from the operation of section 28, subdivision (d). (See *People* v. *Weaver* (1985) 39 Cal.3d 654, 659-660 [217 Cal.Rptr. 245, 703 P.2d 1139].)

Use immunity rules apply where there is a compulsive sanction against exercise of the privilege against self-incrimination and where the policy of

---

[6] Section 28, subdivision (d) provides: "Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103. Nothing in this section shall affect any existing statutory or constitutional right of the press."

law favors full disclosure or discussion by the accused. (*Ramona R.* v. *Superior Court, supra,* 37 Cal.3d at p. 810, majority opn.; and at pp. 811-812, conc. opn. of Grodin, J.) Those factors are present here. As we have noted, on motion for a new trial the defendant bears the burden of establishing ineffectiveness of counsel and this burden cannot be met by a silent record; consequently the defendant will feel compelled to make disclosure of information. The law clearly favors such disclosure. Trial courts have the duty to ensure that defendants are accorded due process of law, and they are particularly well suited to rule on the adequacy of counsel in cases tried before them. (*People* v. *Fosselman, supra,* 33 Cal.3d at p. 582.) And justice will be expedited by presenting the issue of counsel's effectiveness to the trial court on motion for a new trial. (*Ibid.*) ▮ These factors compel the conclusion that defendant must be granted use immunity for disclosures he may make in support of a motion for a new trial on grounds of ineffectiveness of trial counsel.[7] Accordingly, we hold that the rule set forth in *People* v. *Coleman, supra,* 13 Cal.3d at page 889, is applicable in these circumstances.

The circumstances of this case necessitate that we add one further direction on remand. As we have noted, the trial court excluded the prosecutor from defendant's posttrial *Marsden* motion. Inexplicably, however, the transcript of that hearing (unlike the sealed transcript of the first *Marsden* hearing) has been included in the record on appeal without seal, thus becoming public. By excluding the prosecutor from that proceeding the trial court implicitly promised defendant that his disclosures during the hearing would not be used against him and for this reason those disclosures cannot be considered voluntary in the constitutional sense. (See *People* v. *Hicks, supra,* 4 Cal.3d at p. 762; *People* v. *Quinn, supra,* 61 Cal.2d at p. 554.) Accordingly, on remand defendant's disclosures during the *Marsden* hearing cannot be used against him.

In moving for a new trial defendant failed to specify the acts or omissions which he claims constituted incompetence of his counsel. When the motion came on for hearing defendant presented no evidence or argument to specify and support his claim of inadequate assistance of trial counsel. The court ruled without permitting the prosecutor to have notice of the claimed deficiencies, or to present evidence or argument to rebut the defendant's claims. Such a procedure was an abuse of the trial court's discretion in hearing and determining a motion for a new trial.

---

[7]This conclusion is also supported by Penal Code section 1180, which provides in relevant part: "The granting of a new trial places the parties in the same position as if no trial had been had." This can hardly be so if, in order to secure a new trial due to ineffectiveness of counsel, the defendant must make disclosures which may then be used to secure his conviction upon a new trial.

The order granting a new trial to defendant Dennis is reversed. The matter is remanded to the trial court with directions to permit defendant Dennis to amend his motion for new trial and thereafter to conduct a new hearing on defendant Dennis' motion for new trial in accordance with the views expressed in this opinion.

Carr, Acting P. J., and Sims, J., concurred.

Respondent's petition for review by the Supreme Court was denied May 28, 1986.