Filed 7/31/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARIUS TREVOR KNIGHT,<br><br>    Defendant and Appellant. | D067410<br><br><br><br>(Super. Ct. No. FWV1201414) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Gregory S. Tavill, Judge. Reversed with directions.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Darius Trevor Knight of robbery (Pen.

Code, § 211) and found not true the special allegation he inflicted great bodily injury on the victim.  Because the robbery was his third strike within the meaning of Penal Code[1] section 667, subdivisions (b)-(i), he was sentenced to a term of 25 years to life.

On appeal, defendant contends the trial court erred in a posttrial, presentence *Marsden*[2] hearing when the trial court advised defendant he would waive his right to remain silent if he discussed the circumstances of the robbery.  Defendant contends the trial court's warning effectively prevented him from fully articulating the reasons his counsel had been ineffective.

As we explain, we find that the judge's warning was erroneous and that on this record we cannot conclude beyond a reasonable doubt that the error was harmless.  We reverse and remand to the trial court for the limited purpose of conducting a *Marsden* hearing free of error.

FACTUAL BACKGROUND

Around 2:00 a.m., on June 13, 2012, a fast-food restaurant shift manager, Edgar Velasquez, and a coworker, Maria Escobar, were closing the restaurant.  While the two employees were cleaning the restaurant, Velasquez opened the door to a restroom to begin cleaning it.  Velasquez noticed the lights were off and saw a figure standing three to four feet away from him, already in the restroom.  This figure raised his arm toward Velasquez in an attacking motion and shoved Velasquez to the floor, where Velasquez hit

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    *People v. Marsden* (1970) 2 Cal.3d 118, 124-126 (*Marsden*).

his head and blacked out. Velasquez regained consciousness when he heard the sound of his own screaming; the unknown figure told Velasquez to take him to the store's safe.

Velasquez led his assailant to the store's safe, opened it, and the assailant took between $100 and $200 in one and five dollar bills. After taking the money, the assailant left the store. Immediately, however, the assailant rushed back into the store and exited through the drive-through window.

When Escobar heard Velasquez's screaming, she left the store and flagged down a police officer. While the officer was speaking to Escobar, Velasquez hobbled out of the store, described what had just happened and gave the officer a description of his attacker. The officer immediately radioed the information Velasquez provided to other officers in the area.

Another law enforcement officer spotted defendant and detained him. Velasquez was transported to a nearby apartment complex where defendant was detained and Velasquez identified him as his attacker. Defendant was arrested and charged with robbery; the complaint alleged that defendant inflicted great bodily injury and further alleged that defendant suffered two prior robbery convictions in 1998 and 1999 and that they were serious or violent felonies within the meaning of section 667, subdivisions (b)-(i).

On July 3, 2013, a jury found defendant guilty of robbery

Following the jury's verdict, defendant made a *Marsden* motion, which was heard on July 8, 2013. During the hearing, defendant expressed dissatisfaction that his attorney

3

had failed to take any steps to preserve evidence and that his attorney let the prosecutor lead witnesses during trial. During the course of the hearing, the following colloquy took place:

"The Defendant: . . . The police transmissions of the night of the event, I don't believe that Mr. Brown had the -- all of them because the police were -- I was in the apartments across the street and the police were racing over there.

"The Court: Before you start telling me about the case, I'm your judge. One of the things that you did is you exercised your right to remain silent and to not testify, and *I'm still your judge. I still got decisions to make in the case*.

"The Defendant: Okay.

"The Court: I want to caution you not to say anything because if you do that, you'll be *waiving your right to remain silent*. The rights that you have and the right you've already exercised.

"The Defendant: Okay.

"The Court: Not that I don't want to listen to you.

"The Defendant: Right.

"The Court: But I think you need to be mindful and careful of your circumstance. You may not want to say much more to me about the substance of the case.

"The Defendant: Okay.

"The Court: That's your mama, I take it, right?

"The Defendant: Yes, sir.

4

"The Court: Listen to your mama.

"The Mother: I told him to 'shh shh shh.' " (Italics added.)

The trial court then asked defendant if there was any other basis for relieving his attorney, and defendant repeated complaints about counsel he had made in earlier *Marsden* motions. The trial court stated that counsel had done a good job during the trial and denied the *Marsden* motion.

Thereafter, the trial court considered defendant's *Romero*[3] motion and denied it. In light of his two prior strike convictions, the trial court sentenced defendant to a term of 25 years to life.

## DISCUSSION

We agree with defendant that the trial court's statement to him with respect to waiver of his right not to incriminate himself was erroneous. As defendant notes, statements a defendant makes in the course of a *Marsden* hearing are, at the very least, subject to so-called use immunity. (See *People v. Dennis* (1986) 177 Cal.App.3d 863, 874-875 (*Dennis*).)

A. *Marsden*

Criminal defendants are entitled the assistance of counsel in their defense. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15.) A court must appoint counsel to represent an indigent defendant. (*Gideon v. Wainwright* (1963) 372 U.S. 335, 344-345.) A defendant also has a right to seek substitute counsel under *Marsden* if the defendant can

---

[3]    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

show that continued representation by present counsel would substantially impair or deny his or her right to effective assistance of counsel. (*People v Cole* (2004) 33 Cal.4th 1158, 1190; *Marsden*, *supra*, 2 Cal.3d at p. 123.) The trial court must appoint new counsel when failure to do so would substantially impair the defendant's right to assistance of counsel. (*People v. Sanchez* (2011) 53 Cal.4th 80, 89-90.)

During a *Marsden* hearing, the court must allow the defendant an opportunity to explain the grounds for the motion and to relate specific instances of his or her attorney's inadequate performance. (*Marsden*, *supra*, 2 Cal.3d at p. 124.) The trial court must afford the defendant every opportunity to express the specific reasons of dissatisfaction with counsel. (*Ibid.*; *People v. Ivans* (1992) 2 Cal.App.4th 1654, 1665.) Thus, a trial court abuses its discretion when it refuses to listen to the defendant's reasons for requesting substitute counsel. (*People v. Vera* (2004) 122 Cal.App.4th 970, 980; *Ivans*, *supra*, at 1666; *People v. Moore* (1988) 47 Cal.3d 63, 76; *People v. Lewis* (1978) 20 Cal.3d 496, 498–499.)

The right to effective assistance of counsel continues throughout proceedings in the trial court and on appeal. (See *Douglas v. California* (1963) 372 U.S. 353, 356-358; *Dennis*, *supra*, 177 Cal.App.3d at pp. 874-875.) As here, it may arise after a verdict and before judgment is entered in the trial court. (See *Dennis*, at pp. 874-875; *People v. Reed* (2010) 183 Cal.App.4th 1137, 1148 (*Reed*).) When new counsel is appointed at that stage of the proceedings, new counsel may, if counsel believes it is appropriate, move for a new trial on the grounds former counsel was ineffective. (See *Dennis*, at p. 868; *Reed*,

6

at pp. 1149-1150.)

Typically, when conducting a *Marsden* hearing, trial courts exclude the district attorney upon defendant's request and "whenever information would be presented during the hearing to which the district attorney is not entitled, or which could conceivably lighten the prosecution's burden of proving its case." (*People v. Madrid* (1985) 168 Cal.App.3d 14, 19.)

B. *Dennis*

In *Dennis*, after the defendants were convicted of kidnapping and rape, they made *Marsden* motions, which the trial court granted. The defendants' new counsel then moved for a new trial, arguing that by granting the *Marsden* motion, the trial court necessarily determined the defendants had not been effectively represented. The trial court agreed and granted the defendants' a new trial. The People appealed and argued the trial court had failed to provide them with a fair opportunity to contest the motion for a new trial and had unfairly removed from the defendants' their burden on a motion for a new trial.

The defendants' in *Dennis* argued that in seeking a motion for a new trial they could not be required to demonstrate how their respective trial counsel were ineffective, because doing so would improperly burden their ability to obtain new counsel. They argued that such a showing might disclose incriminating or otherwise damaging evidence and conceivably lighten the prosecution's burden in any new trial. (*Dennis*, *supra*, 177 Cal.App.3d at p. 874.)

7

The Court of Appeal agreed with the People and reversed. It found that on a motion for new trial the defendants had the burden of showing both the ineffectiveness of counsel and the prejudice it caused. (*Dennis*, *supra*, 177 Cal.App.3d at p. 872.) Of pertinence here, in responding to the defendants' concern that in making such a showing they might be compelled to disclose privileged information that would assist the prosecution, the Court of Appeal found that any information the defendants disclosed in asserting their right to effective counsel was subject to use immunity. (*Id.* at p. 874.) "Use immunity rules apply where there is a compulsive sanction against exercise of the privilege against self-incrimination and where the policy of law favors full disclosure or discussion by the accused. [Citation.] Those factors are present here. As we have noted, on motion for a new trial the defendant bears the burden of establishing ineffectiveness of counsel and this burden cannot be met by a silent record; consequently the defendant will feel compelled to make disclosure of information. The law clearly favors such disclosure. Trial courts have the duty to ensure that defendants are accorded due process of law, and they are particularly well suited to rule on the adequacy of counsel in cases tried before them. [Citation.] And justice will be expedited by presenting the issue of counsel's effectiveness to the trial court on motion for a new trial. [Citation.] These factors compel the conclusion that defendant must be granted use immunity for disclosures he may make in support of a motion for a new trial on grounds of ineffectiveness of trial counsel." (*Id.* at pp. 875-876, fn. omitted.)

The considerations that require use immunity with respect to privileged

8

information disclosed in support of a motion for a new trial based on ineffective assistance of counsel apply with equal force to disclosures made in support of a *Marsden* motion.  As the circumstances on this record demonstrate, in order to exercise the right to effective assistance embodied in *Marsden,* a defendant faces the same constitutional dilemma a defendant moving for a new trial based on asserted ineffective assistance of counsel confronts:  The need to fully disclose information in order to obtain effective counsel, as guaranteed by the Sixth Amendment, may require the defendant to waive the right against self-incrimination, as guaranteed by the Fifth Amendment.  The need for use immunity in the context of a *Marsden* hearing is of course especially acute because at a *Marsden* hearing a defendant is acting, in many material respects, on his or her own and without the benefit of counsel.  Thus, as in *Dennis*, statements made in a *Marsden* hearing are subject to use immunity; that is, statements made by the defendant may not be used in further related proceedings, save for the purposes of impeachment and rebuttal in such proceedings.[4]  (See *Dennis, supra*, 177 Cal.App.3d at p. 874.)

---

[4]    The use immunity the court adopted in *Dennis* and we find applicable here, is based on the remedy fashioned by the Supreme Court in *People v. Coleman* (1975) 13 Cal.3d 867, 889 (*Coleman*).  "In *Coleman* the defendant was subject to probation revocation proceedings on grounds which were also the basis for criminal charges.  He declined to testify at his revocation hearing to avoid incriminating himself at his subsequent criminal trial.  In order to alleviate the harsh testimonial choice such a person must make, the Supreme Court fashioned 'a judicial rule of evidence that henceforth upon timely objection the testimony of a probationer at a probation revocation hearing held prior to the disposition of criminal charges arising out of the alleged violation of the conditions of his probation, and any evidence derived from such testimony, is inadmissible against the probationer during subsequent proceedings on the related criminal charges, save for purposes of impeachment or rebuttal where the probationer's revocation hearing testimony or evidence derived therefrom and his testimony on direct examination at the criminal proceeding are so clearly inconsistent as to warrant the trial

C.  *Analysis*

Here, the record shows the trial court did not accurately describe for defendant the permissible uses of statements defendant made at the *Marsden* hearing.  Contrary to the statement of the trial court, statements defendant made about the offense would not waive his Fifth Amendment rights and could not be used against him in further proceedings, including his pending *Romero* motion and at sentencing.  (See *Dennis*, *supra*, 177 Cal.App.3d at pp. 874-875.)

In response to the trial court's statement, the record suggests defendant abbreviated his *Marsden* presentation.  Because the trial court's statement was plainly erroneous and the record suggests defendant limited his remarks in response to it, we will presume that the trial court's statement substantially and erroneously interfered with defendant's rights under *Marsden*.

However, *Marsden* does not establish a rule of per se reversible error.  (*People v. Chavez* (1980) 26 Cal.3d 334, 348-349; *Reed*, *supra*, 183 Cal.App.4th at p. 1148; *People v. Washington* (1994) 27 Cal.App.4th 940, 944.)  Where there is *Marsden* error, we must reverse, unless the record shows beyond a reasonable doubt that the defendant was not prejudiced.  (*Reed*, at p. 1148.)  In *People v. Washington*, the court was able to find that no prejudice occurred because the defendant's *Marsden* motion was made in conjunction with his motion for a new trial based on ineffective assistance of counsel, which the trial

court's admission of the revocation hearing testimony or its fruits in order to reveal to the trier of fact the probability that the probationer has committed perjury at either the trial or the revocation hearing.' [Citation.]" (*Dennis*, *supra*, 177 Cal.App.3d at p. 874.)

court denied and which the defendant did not challenge on appeal. In light of the trial court's ruling on the motion for a new trial, the Court of Appeal was able to determine that although the trial court erred in not hearing the companion *Marsden* motion, the record on the new trial motion showed that, in any event, no relief from the verdict would have been achieved. (*Washington*, at p. 944.)

Here, we do not have the benefit of any trial court ruling on a motion for new trial or any other means of determining what, in the absence of the trial court's statement, defendant would have offered in the way of grounds for appointing new counsel. The record is silent on these issues. In this regard, our record is similar to the one considered in *Reed*, where, at sentencing, the defendant complained about the effectiveness of his counsel and the trial court failed to make appropriate inquiries as to the basis for the defendant's complaints and failed to consider appointing counsel for the purpose of preparing a motion for a new trial. The Court of Appeal determined that the silent record with respect to what the defendant may have offered, had the required inquiries been made, made it impossible to conclude beyond a reasonable doubt that the trial court's error was harmless. (*Reed*, *supra*, 183 Cal.App.4th at pp. 1144-1145.) The Court of Appeal remanded for the limited purpose of determining whether the *Marsden* motion should have been granted, and, if it should have been granted, hearing any new trial motion made by new counsel. (*Reed*, at pp. 1149-1150.)

The silent record here leaves us in the same position as the Court of Appeal in *Reed*: we cannot conclude beyond a reasonable doubt that defendant's fully articulated

11

*Marsden* motion would have been unsuccessful or that, if it was successful, new counsel would have failed in prosecuting a motion for a new trial. Thus, we must reverse for further proceedings.

DISPOSITION

Defendant's judgment is reversed and the case is remanded with directions to the trial court to conduct a *Marsden* hearing with respect to the representation defendant received at trial. The hearing shall be conducted consistent with the views we have expressed with respect to the use of defendant's statements in further proceedings. If the court determines that defendant's representation by trial counsel gave rise to the right to new counsel, the court shall appoint new counsel and conduct further proceedings as necessary in light of that appointment. If, on the other hand, the trial court determines that defendant's representation at trial did not require appointment of new counsel, the trial court shall reinstate the judgment.

BENKE, Acting P. J.

WE CONCUR:

NARES, J.

McINTYRE, J.

12