Filed 6/9/22  P. v. Parker CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>DEWAYNE KEITH PARKER,<br><br>     Defendant and Appellant. | F083158<br><br>(Super. Ct. No. F21902778)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Candace Hale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Franson, J. and DeSantos, J.

# INTRODUCTION

In a felony complaint filed on April 7, 2021, defendant Dewayne Keith Parker was charged with second degree burglary (Pen. Code,[1] §§ 459, 460, subd. (b)), resisting an executive officer (§ 69), and possessing an instrument used for unlawfully injecting or ingesting a controlled substance (Health & Saf. Code, § 11364). The complaint further alleged that he was previously convicted of 11 felonies (§ 1203, subd. (e)(4)), four of which qualified as "strike" offenses under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). At his arraignment on April 26, 2021, defendant pled not guilty and denied the special allegations. In addition, the trial court—pursuant to section 1368—expressed doubt as to his mental competence, suspended criminal proceedings, and appointed a licensed psychologist to examine him. At a May 26, 2021 competency hearing, the court reviewed the psychologist's report, declared defendant mentally incompetent, and referred the matter to the regional Conditional Release Program for a written recommendation in accordance with section 1370. After reviewing said recommendation, the court ordered that defendant be committed to the State Department of State Hospitals and specified that "[t]he maximum term of commitment exceeds 2 years." The commitment order was filed on July 7, 2021. On August 6, 2021, defendant filed a notice of appeal.

# DISCUSSION

Defendant makes two contentions. First, "[t]he court violated California law and [his] Fourteenth Amendment due process and equal protection rights by setting his maximum commitment at a time 'exceeding two years.' " Second, the court "erred by refusing to hold a *Marsden*[2] hearing."

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

2.

# I. Length of commitment

"The maximum period of commitment under section 1370 is 'two years from the date of commitment.' " (*Rodriguez v. Superior Court* (2021) 70 Cal.App.5th 628, 648, quoting § 1370, subd. (c)(1).)

Defendant correctly points out that section 1370, subdivision (c)(1) "provide[s] that the maximum commitment for determining or restoring competence is two years." He requests a remand "so the court may set the proper maximum time of commitment . . . ." The Attorney General concedes that "the commitment order should be amended to reflect a maximum two-year term of commitment." We accept this concession.

# II. *Marsden* motion

## a. *Background*

At the May 26, 2021 competency hearing, the court indicated that it had read and considered the psychologist's section 1368 report. After counsel submitted on the report's findings of incompetence, the court concluded that defendant "is not competent to stand trial." The following colloquy transpired:

> "THE DEFENDANT: Can I get on record right now and put myself on record, because I have document – a document statement as far as a certificate already filed by the clerk, Y dot –
>
> "THE COURT: Let me just interrupt you real quick to tell you, sir. I would advise that you not say anything on the record. If you say anything that's incriminating – let me finish. If you say anything that's incriminating, the People can use any of your statements against you at trial.
>
> "THE DEFENDANT: I understand that, and I understand – I agree with you, and I agree that none of these proceedings is administrative at all. And I also have the document, you know, the stamp that's notified documents right here in my request to represent myself at this time in a Marsden motion fashion, and I would like the district attorney to sit in the Marsden motion at this time, and I would like to represent myself the third time because I said this three previous times on the People vs. Parker,

vehicular manslaughter case,[3] in which the Court had to make a documented hearing, not just deny it on your own opinion. You've got to read the documents to, you know – a Faretta,[4] you know, application, and that's what I wanted to provide to the Court in, you know, my letter of proposal.

"THE COURT: So you want a Marsden motion and have the district attorney present; is that correct?

"THE DEFENDANT: Yes.

"THE COURT: All right. That's a conditional request for a Marsden motion. I'm denying it.

"You want a Faretta motion, you want to represent yourself; is that correct?

"THE DEFENDANT: I have documents that says that – a stamped document in which I want to provide to the Court and also provide to, you know, the district attorney, . . . and this report is documented to put myself on calendar today, and so this is my argument for today against not only the plea that my attorney put in that said that I was not guilty, but also where enter that plea that says, you know what I'm saying, I'm not guilty to my priors, which is my past record of mental incompetency or my past conduct.

"And for the record, I'm also using the burden of proof of – that you, under 1368, you appointed a non-psych evaluation for a person to see me, and that wasn't part – I think it was about checking my lungs, and I think you abused your – my constitutional right when you said – when you didn't ask me, you know, was I willing to participate in that, and I think you – the district attorney didn't make an appeal on that. And any time you use a 1368 outside 1370, you abuse my constitutional right, because 1370 allows an institution to be on a minute order, which means you facilitated second floor and you facilitated a jail. Under 1368 that is not probable cause in any event, and today is my argument, you know, of the 1367 that says that today, you know, whether – if I'm found incompetent for today argument, you know, you can hear it today in a 1368, and under 1369, which is right

---

[3] The record shows that defendant was convicted of vehicular manslaughter with gross negligence (§ 192, subd. (c)(1)) on March 27, 2012.

[4] *Faretta v. California* (1975) 422 U.S. 806.

4.

now saying that I'm not agreeing with the plea of not guilty, and I would like to have a hearing.

"[DEFENSE COUNSEL]: Mr. Parker –

"THE DEFENDANT: I would like to have a hearing on my plea because I would like to be present any time I make a plea, and you know what saying. And, furthermore, he just said that he was not competent to assist me or I was not competent to assist him in any kind of way.

"[DEFENSE COUNSEL]: Mr. Parker, we can speak later.

"THE COURT: Mr. Parker, I asked you if you wanted to represent yourself. I can't get a straight answer out of you. [¶] . . . [¶]

"THE DEFENDANT: I'm requesting a dismissal.

"THE COURT: Your request for dismissal is denied. . . .

"THE DEFENDANT: Notice to appear, letter of modification.

"THE COURT: Excuse me, sir, you're on the verge of contempt. I've warned you once. Quit interrupting the Court. [¶] . . . [¶]

"THE DEFENDANT: Are you denying me my Marsden motion?

"THE COURT: Well, you didn't ask for a Marsden motion. Your Marsden motion was conditional on your demand that the district attorney be present.

"THE DEFENDANT: Well, that – so you're denying me my Marsden motion?

"THE COURT: I'm saying that you've made a conditional Marsden motion, and it's not proper, and I'm denying the request for a conditional Marsden motion.

"THE DEFENDANT: So to my recognition, it don't say that the district attorney can't be present at the Marsden motion.

"THE COURT: Once again, you requested –

"THE DEFENDANT: And I want that –

"THE COURT: Excuse me, sir. We're done here.

"THE DEFENDANT: So are you saying this on your opinion or the authority of the documented statements?

"THE COURT: Sir, we're done here.

"Anything further?

"THE DEFENDANT: I request a dismissal.

"[DEFENSE COUNSEL]: No, Your Honor.

"THE COURT: Okay. Thank you, deputies."

b. *Analysis*

"When a defendant seeks new counsel on the basis that his appointed counsel is providing inadequate representation—i.e., makes what is commonly called a *Marsden* motion [citation]—the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of inadequate performance." (*People v. Smith* (2003) 30 Cal.4th 581, 604.) "Although no formal motion is necessary, there must be 'at least some clear indication by defendant that he wants a substitute attorney.' [Citation.]" (*People v. Mendoza* (2000) 24 Cal.4th 130, 157 (*Mendoza*), quoting *People v. Lucky* (1988) 45 Cal.3d 259, 281, fn. 8; see *People v. Sanchez* (2011) 53 Cal.4th 80, 83-84, 89-90.)

"We review the trial court's denial of defendant's *Marsden* motion under the abuse of discretion standard." (*People v. Orey* (2021) 63 Cal.App.5th 529, 568.) " 'Under the abuse of discretion standard, "a trial court's ruling will not be disturbed . . . unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." [Citation.]' [Citations.]" (*People v. Lewis* (2009) 46 Cal.4th 1255, 1286.) In other words, "[a] court abuses its discretion when its ruling 'falls outside the bounds of reason.' [Citation.]" (*People v. Kipp* (1998) 18 Cal.4th 349, 371; see *People v. Brown* (2004) 33 Cal.4th 892, 901 [" ' "No rule of decision is better or more firmly established by authority, nor one resting

6.

upon a sounder basis of reason and propriety, than that a ruling . . . , itself correct in law, will not be disturbed on appeal merely because given for the wrong reason." ' "].)

We conclude that the court's ruling did not fall outside the bounds of reason. At the May 26, 2021 competency hearing, defendant initially stated that he wanted "to represent [him]self at this time in a Marsden motion fashion . . . ." Shortly thereafter, he reiterated that he "would like to represent [him]self" and alluded to a *Faretta* motion for self-representation. Both times, defendant "did not request a different appointed attorney" (*People v. Gonzalez* (2012) 210 Cal.App.4th 724, 741) and "clearly expressed his preference for self-representation" (*id.* at p. 742). While he "used the term '*Marsden* . . .' at [the hearing], . . . he was actually seeking . . . self-representation—not new counsel." (*People v. Carter* (2010) 182 Cal.App.4th 522, 528.) Later, when asked by the court if he wanted "a Faretta motion" and "to represent [him]self," defendant proceeded to argue on his own behalf. He briefly mentioned that defense counsel either was "not competent to assist [him]" or had deemed him "not competent to assist . . . in any kind of way" (see *Mendoza*, *supra*, 24 Cal.4th at p. 157 ["fleeting reference to dissatisfaction with counsel"]), but this remark does not amount to a "clear indication that [he] was requesting a substitute appointed attorney so as to require the court to conduct a *Marsden* hearing" (*People v. Gonzalez*, *supra*, at p. 741).

Defendant also conspicuously stated that he wanted "the district attorney to sit in the Marsden motion at this time." "Typically, when conducting a *Marsden* hearing, trial courts exclude the district attorney upon defendant's request [or] 'whenever information would be presented during the hearing to which the district attorney is not entitled, or which could conceivably lighten the prosecution's burden of proving its case.' " (*People v. Knight* (2015) 239 Cal.App.4th 1, 6, quoting *People v. Madrid* (1985) 168 Cal.App.3d 14, 19.) This is because "there are situations in which the district attorney's presence would inhibit defendant or his counsel from freely discussing the facts surrounding the specific allegations." (*People v. Madrid*, *supra*, at p. 18.) Given the peculiarity of

defendant's wish, in tandem with his "insistence on self-representation" (*Mendoza*, *supra*, 24 Cal.4th at p. 157), one could reasonably infer that he did not appreciate what a *Marsden* motion entailed.

"Under these circumstances, the trial court was not required to hold a *Marsden* hearing." (*People v. Carter*, *supra*, 182 Cal.App.4th at p. 528.)  Accordingly, we uphold the court's denial.

## DISPOSITION

The matter is remanded to the trial court with directions to prepare an amended July 7, 2021 order reflecting a maximum commitment term of two years and transmit copies thereof to the appropriate entities.  As amended, the order is affirmed.